**STATES MARINE LINES, a Delaware corporation, Defendant Below, Appellant,**

v.

**Teresa B. DOMINGO, individually and as the widow of and on behalf of the next of kin of Eugenio Domingo, deceased, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 16, 1970.

Reargument Denied July 31, 1970.

Hugh L. Corroon, of Potter, Anderson & Corroon, Wilmington, and James B. Magnor and Marshall M. Pearlman, of Kirlin, Campbell & Keating, New York City, for defendant below, appellant.

Harold Shaffer, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, and Jacob Rassner and Alfred M. Shafter, New York City, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal requires us to determine whether the Superior Court abused its discretion in declining to dismiss a Delaware action on the ground of *forum non conveniens,* and in declining to relegate the

plaintiff to the institution of a new action in the Republic of the Philippines.

The plaintiff is a Philippine citizen and resident who brought this action in Delaware to recover damages for the death of her husband, a passenger on one of two vessels which collided in Manila Bay. The defendant is a Delaware corporation which owned and operated the other of the two vessels involved in the collision. There is no other suit pending elsewhere between these parties involving the same cause of action.

For a complete statement of other relevant facts and of the several contentions of the parties, reference is made to the carefully considered opinion of Judge McNeilly in this case, reported at Del.Super., 253 A.2d 78.

## I.

■ At the outset, the plaintiff's motion to dismiss this appeal must be decided. The contention is that a denial of a motion to dismiss on the ground of *forum non conveniens* is an unappealable interlocutory order. We disagree. Such an order determines that the plaintiff shall be protected in the exercise of his ordinary right to choose the forum of his action; and it deals with the defendant's right to a fair and just trial of his defenses to the action in a proper forum. Necessarily intertwined with the determination of such legal rights is the determination of issues which are substantial because they relate to such important rights. This meets the tests for appealability of an interlocutory order in this jurisdiction. Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park, Del. Supr., 261 A.2d 520 (1969).

In the final analysis, the ultimate question before the Superior Court was whether an action by this plaintiff against this defendant in this cause of action should be permanently foreclosed in Delaware. We hold that the instant order denying the motion to dismiss is appealable, although interlocutory, because it established substantial legal rights and determined substantial issues. Compare Parvin v. Kaufmann, Del. Supr., 236 A.2d 425 (1967).

## II.

The Superior Court correctly viewed this case as a pure *forum non conveniens* case governed by the rules on that subject now well established by our decisions. See 253 A.2d 78, 81–86. This case does not involve considerations of comity and the orderly administration of justice such as arise when a prior action is pending in another jurisdiction between the same parties pertaining to the same issues. Compare McWane Cast Iron Pipe Corporation v. McDowell-Wellman Engineering Company, Del.Supr., 263 A.2d 281 (1970).

■ The general rules controlling the *forum non conveniens* issue before us may be briefly stated: this appeal is limited to a determination of whether the Superior Court abused its discretion in denying this motion to dismiss; such discretion should be exercised in favor of such dismissal only "in the rare case in which the combination of factors to be considered tips the scales overwhelmingly in favor of" the defendant; and the burden is upon the defendant to make a showing of hardship with such particularity as to move the discretion of the Trial Court in its favor. Parvin v. Kaufmann, Del.Supr., 236 A.2d 425 (1967); Kolber v. Holyoke Shares, Inc., Del.Supr., 213 A.2d 444 (1965).

We agree with the Superior Court, in its conclusion that the defendant has failed to make such showing here, for the following reasons:

1) The defendant contends that the action should be brought in the Republic of the Philippines because only there may it compel the testimony of Philippine crewmen on the other vessel on the question of liability, and of other Philippine residents on the question of damages. In this connection, the defendant emphasizes that several suits by others, arising from the

same accident, are currently pending against it in the Philippines.

■ The defendant may not prevail on this ground because it failed to particularize sufficiently the hardship it claims in this connection. It did not name the witnesses it deemed necessary to call; or demonstrate their number; or show their relationship to the case; or explain why their testimony could not be presented in Delaware by deposition. It follows that the defendant failed to sustain its burden of proof in this regard. Parvin v. Kaufmann, Del.Supr., 236 A.2d 425 (1967).*

■ 2) The defendant also contends that unless suit is brought by the plaintiff in the Philippines, it will be unable to join the Philippine owners of the other vessel as third parties defendants because they are not amenable to process elsewhere. This factor alone is not sufficient to balance the scale of convenience in the defendant's favor. The plaintiff has the right to choose which of two possible tortfeasors she wishes to sue. The procedural inability of the defendant to bring into that litigation a joint tortfeasor for contribution is not sufficient to overcome the plaintiff's general right to choose the forum. The defendant must resolve that problem, if and when a judgment is entered against it, just as it would have been obliged to do before the adoption of the modern joint tortfeasor practice. This inconvenience of the defendant, as to a collateral issue of the litigation, certainly does not counterbalance the basic conveniences to the plaintiff of bringing the action in a jurisdiction which is close to the defendant's main offices in New York City and in which the testimony of the American officers and crew of the defendant's vessel may be compelled.

The defendant relies heavily upon Winsor v. United Air Lines, Inc., Del.Super., 2 Storey 161, 154 A.2d 561 (1958). That case is inapposite because, there, another action was pending elsewhere between the same parties involving substantially similar issues, and the plaintiff was relegated to that pending action. The absence of such other pending action is an important, if not a controlling, consideration. Parvin v. Kaufmann, Del.Supr., 236 A.2d 425 (1967).

. We conclude, therefore, that the defendant has failed to sustain its burden of showing factors of hardship sufficient to tip the scales overwhelmingly in its favor. It follows that the Superior Court acted well within the realm of its discretion in denying the motion to dismiss.

We find it unnecessary to reach the several other matters, discussed and decided in the Opinion below, which form the bases of certain of the grounds of this appeal but which relate to the plaintiff's inconveniences (i. e., doubt as to collectability of a judgment and amenability of the defendant to process in the Philippines) rather than to the defendant's inconveniences.

Affirmed.

## UPON MOTION FOR REARGUMENT

The defendant contends by motion for reargument that, by reason of a certain affidavit in the record, it is inaccurate for us to state that the defendant "did not name the witnesses it deemed necessary to call; or demonstrate their number; or show their relationship to the case."

In this connection, the Trial Judge stated the following with respect to witnesses on the issues of liability and damages: (253 A.2d 84)

"To a certain extent, of course, the court can only speculate regarding these matters; but defendant could have re-

---

\* The Superior Court pointedly noted in this connection that at a Board of Marine Inquiry hearing conducted in the Philippines as to the cause of the accident, the defendant called as its sole witness its own captain, a citizen of the United States, and called no Philippine witnesses at all; whereas, the owner of the other vessel called many Philippine witnesses. See 253 A.2d 79.

duced this element of speculation by filing with the court a tentative list of witnesses which defendant will call so that the court could substantiate the degree of hardship claimed. This the defendant did not do. * * *."

This statement was not questioned heretofore, either in the Trial Court or here. In any event, the affidavit referred to does not meet the degree of specificity we have established.

 Also, now for the first time, the defendant claims violation of the Commerce Clause of the Federal Constitution. This contention comes far too late to merit attention by us now.

The motion for reargument is denied.