**Stephen M. BERGER, Plaintiff Below, Appellant,**

v.

**INTELIDENT SOLUTIONS, INC. and Diasti Family Limited Partnership, Defendants Below, Appellees.**

**No. 596, 2005.**

Supreme Court of Delaware.

Submitted: March 1, 2006.
Decided: April 26, 2006.

---

Ronald A. Brown, Jr., Esquire, of Prickett, Jones & Elliott, P.A., Wilmington, Delaware, for Appellant.

Michael R. Lastowski, Esquire, and Matt Neiderman, Esquire, of Duane, Morris, LLP, Wilmington, Delaware, and Stewart D. Aaron, Esquire, Veronica E. Rendon, Esquire (argued) and J. Alex Brophy, Esquire, of Arnold & Porter, LLP, New York, New York, for Appellees.

Before HOLLAND, BERGER and JACOBS, Justices.

BERGER, Justice.

In this appeal, we again consider whether a Delaware complaint should be dismissed on the ground of *forum non conveniens*. The trial court recited the applicable legal standard and acknowledged that dismissal should be granted only in rare cases where a defendant would be subjected to overwhelming hardship if forced to litigate in Delaware. Nonetheless, it concluded that the complaint should be dismissed, primarily because the complaint raises undecided issues of Florida law and because the parties and alleged wrongs have very little connection to Delaware. We conclude that the trial court misapplied the law. This is not a rare case and there is no showing of overwhelming hardship. Accordingly, we reverse.

### Factual and Procedural Background

Stephen M. Berger was a minority stockholder of Coast Dental Services, Inc., a Florida corporation that provides dental management services for over 100 dental centers in Florida, Georgia, Virginia, and Tennessee. Before the merger at issue, Diasti Family Limited Partnership (DFLP) was Coast Dental's majority stockholder, owning about 67% of the company's common stock. DFLP formed Intelident Solutions, Inc., a Delaware corporation, to effectuate the July 2005 cash-out merger that Berger challenges. As a result of the merger, Berger and Coast Dental's other minority stockholders received $9.25 per share. Coast Dental survived the merger as a wholly-owned subsidiary of Intelident, and DFLP remains the majority stockholder of Intelident.

Two weeks after the merger, Berger filed this purported class action against DFLP and Intelident. The complaint alleges that DFLP breached its fiduciary duties by effectuating a merger that was unfair, both as to price and process. DFLP and Intelident filed a motion to dismiss for failure to state a claim or, alternatively, on the ground of *forum non conveniens*. In support of their motion, they filed an affidavit establishing that Coast Dental does no business in Delaware and that all of the offices, documents, and people associated with the merger are located in Florida, Georgia, or Nevada. The Court of Chancery granted the motion to dismiss on the ground of *forum non conveniens*, without deciding whether the complaint stated a valid claim.[1]

### Discussion

In *Taylor v. LSI Logic Corp.*,[2] this Court succinctly recapitulated the law governing *forum non conveniens* motions:

Delaware courts consistently uphold a plaintiff's choice of forum except in rare cases.... This Court, in *Cryo–Maid* and its progeny, has held that the following matters should be considered:

1. *Berger v. Intelident Solutions, Inc.*, 2005 WL 3294682 (Del.Ch. Nov.30, 2005).

2. 689 A.2d 1196, 1198–99 (Del.1997).

(1) the relative ease of access to proof;

(2) the availability of compulsory process for witnesses;

(3) the possibility of the view of the premises;

(4) whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction;

(5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and

(6) all other practical problems that would make the trial of the case easy, expeditious and inexpensive.

... [D]efendants moving to dismiss a first-filed suit on the ground of *forum non conveniens* must establish with particularity that they will be subjected to overwhelming hardship and inconvenience if required to litigate in Delaware. An action may not be dismissed upon bare allegations of inconvenience without a particularized showing of the hardships relied upon....

This Court in *Chrysler First* stated that the *Cryo–Maid* factors listed above:

[p]rovide the framework for any analysis of hardship and inconvenience. They do not, of themselves, establish anything. Thus, it does not matter whether only one of the *Cryo–Maid* factors favors defendant or all of them do. The issue is whether any or all of the *Cryo–Maid* factors establish that defendant will suffer overwhelming hardship and inconvenience if forced to litigate in Delaware. Absent such a showing, plaintiff's choice of forum must be respected.

The Court of Chancery articulated the correct standard, but applied it incorrectly to the facts as alleged by the parties. Application of the *Cryo–Maid* factors to the instant facts establish that it would be less burdensome for Intelident and DFLP to litigate this case in Florida than in Delaware, but they do not establish any real hardship, let alone overwhelming hardship.

### 1) Ease of Access to Proof

■ As often happens in corporate litigation, all of the documents and all of the likely witnesses in this dispute are located outside of Delaware. In this case, the relevant evidence is all in Florida. But Intelident and DFLP have "not identified any specific pieces of evidence necessary to [their] defense that [they] will not be able to produce in Delaware ... [or established] that requiring [them] to move forward in Delaware would impede [their] access to the testimony of witnesses."[3] Thus, while they may find Delaware inconvenient, Intelident and DFLP will not be subjected to overwhelming hardship based on the location of documents and witnesses.

### 2) The availability of compulsory process & need for a view

The trial court correctly recognized that neither of these factors would justify dismissing this case. There is no indication that a view will be necessary. And, although it would be more convenient for Florida witnesses to give testimony in Florida, they could testify in Delaware by

---

**3.** *Mar–Land Industrial Contractors, Inc. v. Caribbean Petroleum Refining, L.P.* 777 A.2d 774, 781 (Del.2001). *See also Kolber v. Holyoke Shares, Inc.,* 213 A.2d 444, 445 (Del. 1965) (noting that "[i]t is quite ordinary for Delaware courts to determine causes in which all persons involved are non-residents of Delaware and in which none of the events involved occurred here.").

deposition or appear here voluntarily, if requested by Intelident and DFLP.[4]

3) Applicability of Delaware law

The trial court found that this factor weighed heavily in favor of dismissing the action. The issues raised in the complaint are governed by Florida, not Delaware, law. Moreover, there are no cases construing the Florida statute that arguably relegates Berger to an appraisal action as his exclusive remedy for the alleged wrongs. Since this case presents novel and important issues of Florida corporate law, the Court of Chancery concluded that the Florida courts should resolve them.

This factor, like the other *Cryo–Maid* factors, would support dismissing a first-filed Delaware action only if it created overwhelming hardship. It does not. Delaware courts often decide legal issues— even unsettled ones—under the law of other jurisdictions.[5] Accordingly, this Court has held that "[t]he application of foreign law is not sufficient reason to warrant dismissal under the doctrine of *forum non conveniens.*"[6]

4) The pendency or non-pendency of an action elsewhere

The Court of Chancery noted that there is no other pending litigation between the parties. The Court concluded, however, that "since this case is at an early stage in the litigation and no discovery has been undertaken, [Berger] will not be unduly burdened by having to refile his suit in Florida."[7] The trial court failed to give appropriate weight to this factor. The absence of another pending litigation weighs significantly against granting a *forum non conveniens* motion.[8] Indeed, we are aware of no case where this Court has upheld a *forum non conveniens* dismissal under similar facts. Although the absence of pending litigation may not be dispositive, it is a significant factor that may be overcome only in the most compelling cir-

4. *See States Marine Lines v. Domingo,* 269 A.2d 223, 226 (Del.1970) (holding that the defendant did not show overwhelming hardship with regard to the compulsory process factor because it failed, among other things, to "explain why [the witnesses'] testimony could not be presented in Delaware by deposition."); *Kolber,* 213 A.2d at 446 (declining to weigh the absence of compulsory process in favor of dismissal because "litigants are constantly obliged to resort to depositions under our broad discovery procedures, even where the facts are in hot dispute....").

5. *Taylor v. LSI Logic Corp.,* 689 A.2d 1196, 1200 (Del.1997) (pointing out that "[i]t is not unusual for courts to wrestle with open questions of the law of sister states or foreign countries."); *Kolber,* 213 A.2d at 446 (also noting that "[i]t is not unusual ... for Delaware courts to deal with open questions of the law of sister states or of foreign countries.").

6. *Taylor,* 689 A.2d at 1200. *See also Candlewood Timber Group, LLC v. Pan American Energy, LLC,* 859 A.2d 989, 999 (Del.2004); *Warburg, Pincus Ventures, L.P. v. Schrapper,* 774 A.2d 264, 271 n. 25 (Del.2001); *Kolber,* 213 A.2d at 446.

7. *Berger v. Intelident Solutions, Inc.,* 2005 WL 3294682, at *5 (Del.Ch. Nov.30, 2005).

8. *See Mar–Land Indus. Contractors, Inc. v. Caribbean Petroleum Ref., L.P.,* 777 A.2d 774, 778 (Del.2001) (holding that "[t]he plaintiff's choice of forum is accorded even more weight where ... there are no other previously filed actions pending."); *Taylor,* 689 A.2d at 1199 (explaining that "judicial discretion is to be exercised sparingly where ... there is no prior action pending elsewhere."); *States Marine Lines v. Domingo,* 269 A.2d 223, 226 (Del. 1970) (noting that "[t]he absence of [another] pending action is an important, if not a controlling, consideration."); *Parvin v. Kaufmann,* 236 A.2d 425, 427 (Del.1967) (noting that in the case before it "[n]o other suit upon this cause of action is pending in any other jurisdiction.... Thus, a dismissal necessarily would force the plaintiff to start anew. The consequent delay and expense weigh heavily against the defendants....").

cumstances. No such extraordinary circumstances were presented here.

### 5. Other practical considerations

The trial court noted that "by bringing this action in Delaware, [Berger] has closed off the possibility of a single complete adjudication of all the claims arising out of this transaction."[9] But, Berger is free to choose whatever litigation strategy he prefers, even if that means limiting the number of defendants he sues.[10] That choice has no bearing on how burdensome the litigation is for Intelident and DFLP, and should not have been considered in the *forum non conveniens* analysis.

In sum, the *Cryo-Maid* factors do not support dismissal on the ground of *forum non conveniens.* The trial court declined to address the alternative motion to dismiss for failure to state a claim. Because Intelident and DFLP failed to file a cross-appeal, this Court will not consider their argument that the dismissal should be affirmed on that basis.[11]

### Conclusion

Based on the foregoing, the judgment of the Court of Chancery is reversed and this matter is remanded. Jurisdiction is not retained.

---

**9.** *Berger,* 2005 WL 3294682, at *5.

**10.** *See States Marine Lines,* 269 A.2d at 226 (holding that "[t]he plaintiff has the right to choose which of two possible tortfeasors she wishes to sue.").

**11.** *See Haley v. Town of Dewey Beach,* 672 A.2d 55, 58 (Del.1996).