**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| AIMBRIDGE HOSPITALITY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N24C-04-151 FWW |
| | ) | |
| PLAZA RESORT ATLANTIC OCEAN | ) | |
| LLC and BLU OCEAN WATERS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: July 15, 2024
Decided: August 26, 2024

*Upon Defendants' Motion to Dismiss,*
**DENIED.**

## ORDER

Nicholas Rohrer, Esquire, Lakshmi A. Muthu, Esquire, Michael A. Laukaitis II, Esquire, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attorneys for Plaintiff Aimbridge Hospitality, LLC; Mark S. Adams, Esquire, Sarah G. Hartman, Esquire, JEFFER MANGELS BUTLER & MITCHELL LLP, 3 Park Plaza, Suite 1100, Irvine, CA 92614-2592, Of Counsel.

Sean T. O'Kelly, Esquire, O'KELLY & O'ROURKE, LLC, 824 North Market Street, Suite 1001A Wilmington, DE 19801, Attorney for Defendants Plaza Resort Atlantic Ocean LLC and Blu Ocean Waters LLC.

**WHARTON, J.**

This 26th day of August 2024, upon consideration of the Motion to Dismiss of Defendants Plaza Resort Atlantic Ocean LLC and Blu Ocean Waters LLC (collectively, "Defendants"),[1] the Response of Plaintiff Aimbridge Hospitality, LLC ("Aimbridge")[2] and Defendants' Reply,[3] it appears to the Court that:

1.     All parties to this case are Delaware limited liability companies.[4] Aimbridge manages and operates extended stay hotels, also referred to as condominium hotels.[5] Defendants are the joint and several owners of Plaza Resort & Spa, a condominium hotel located in Daytona Beach, Florida.[6]

2.     On April 12, 2021, Aimbridge and Defendants entered into the Condominium Hotel Management Agreement ("CHMA") whereby Aimbridge would manage Plaza Resort & Spa for an initial term of one year starting on that date.[7] On April 12, 2022, Aimbridge and Defendants entered into the First Amendment to the CHMA which extended Aimbridge's management of Plaza Resort & Spa to September 30, 2022.[8]

---

[1] Defs.' Mot. to Dismiss, D.I. 6.
[2] Aimbridge's Resp., D.I. 11.
[3] Defs.' Reply, D.I. 12.
[4] Compl. ¶ 2-4.
[5] *Id.* ¶ 2.
[6] *Id.* ¶ 7.
[7] *Id.* ¶ 7-8.
[8] *Id.* ¶ 9.

3. On April 23, 2024, Aimbridge filed a two-count complaint against Defendants with claims for: (1) breach of contract based on the alleged failure and refusal of Defendants to pay and reimburse Aimbridge for all amounts owed under Sections 4.2, 4.5, 5.1, 5.2 and 8.1 of the CHMA; and (2) indemnification based on incurred liabilities, losses, claims, causes, damages, costs and expenses arising out of and in connection with the management and operation of Plaza Resort & Spa.[9]

4. On May 21, 2024, Defendants moved to dismiss the complaint for *forum non conveniens*.[10] Aimbridge responded in opposition on June 21, 2024.[11] Defendants replied on July 5, 2024.[12]

5. Delaware Superior Court Civil Rule 12(b)(3) governs a motion to dismiss or stay on the basis of *forum non conveniens*.[13] Under Delaware law, the applicable *forum non conveniens* test varies based on the proceedings in this Court and the parties' litigation history.[14] *Forum non conveniens* is a common law judicially created doctrine that allows the Court to exercise some control over a foreign

---

[9] *Id.* at 12-13.
[10] Defs.' Mot. to Dismiss, D.I. 6.
[11] Aimbridge's Resp., D.I. 11.
[12] Defs.' Reply, D.I. 12.
[13] *Arrowood Indem. Co. v. AmerisourceBergen Corp.*, 2023 WL 2726924, at *7 (Del. Super. Ct. Mar. 30, 2023).
[14] *In re CVS Opioid Ins. Litig.*, 2022 WL 3330427, at *3 (Del. Super. Aug. 12, 2022) (citing *Aranda v. Philip Morris USA Inc.*, 183 A.3d 1245, 1250-51 (Del. 2018)).

3

plaintiff's access to a forum in Delaware.[15] The decision whether to grant dismissal lies in the sound discretion of the trial court. Generally, on motions to dismiss, the Court accepts the complaint's well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor.[16] When, however, the motion to dismiss is one based on *forum non conveniens*, "this Court exercises its sound discretion when making findings of fact and drawing conclusions therefrom" by using "an orderly and logical deductive process."[17]

6. "A motion raising *forum non conveniens* is a request that a court possessing both personal and subject matter jurisdiction over an action nevertheless declines to hear it."[18] Whether to grant relief via *forum non conveniens* is left to the trial court's discretion.[19] The factors the Court considers in the exercise of its discretion are: (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises; (4) whether the controversy is dependent upon the application of Delaware law which the courts of this state more properly should decide than those of another

---

[15] *Ison v. E.I. DuPont de Nemours & Co., Inc.* 729 A.2d 832, 849 (Del. 1999).

[16] *Id.* at *4 (Del. Super. Aug. 12, 2022) (citing *Olenik v. Lodzinski*, 208 A.3d 704, 714 (Del. 2019)).

[17] *Id*. (citing *Williams Gas Supply Co. v. Apache Corp*., 594 A.2d 34, 37 (Del. 1991)).

[18] *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc*., 234 A.3d 1186, 1193 (Del. Super. 2020), *aff'd, appeal dismissed*, 253 A.3d 93 (Del. 2021).

[19] *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc*., 253 A.3d 93, 97 (Del. 2021) ("*GXP Cap. II*").

jurisdiction; (5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and (6) all other practical problems that would make the trial of the case easy, expeditious, and inexpensive.[20] These factors are well known in shorthand fashion as the *Cryo-Maid* factors.[21]

7. When the Delaware action is the only action filed, the Court applies the overwhelming hardship standard.[22] In such a case, a motion to dismiss relying on the doctrine of *forum non conveniens* is granted only in the rare case where undue, overwhelming hardship and inconvenience truly is visited on the protesting defendant hailed here.[23] Indeed, Delaware courts are "hesitant to grant [relief] based on forum non conveniens, and the doctrine is not a vehicle by which the Court should determine [merely] which forum would be most convenient for the parties."[24] A plaintiff's choice of forum should not be defeated except where the defendant establishes, based on the foregoing factors, overwhelming hardship and inconvenience.[25] The Court "must focus on whether the defendant has demonstrated with particularity, ... that litigating in Delaware would result in an overwhelming

---

[20] *Martinez v E.I. DuPont de Nemours & Co.,* 86 A.3d 1102, 1104 (Del. 2014) (citing *Gen. Foods Corp. v. Cryo-Maid, Inc.* 198 A. 2d 681, 684 (Del. 1964)).
[21] *Id.*
[22] *Id*. at 1037 (citation omitted).
[23] *BCORE Timber EC Owner LP v. Qorvo US, Inc.*, 2023 WL 2985250, at *2 (Del. Super. Ct. Apr. 18, 2023).
[24] *Id.* (citations omitted).
[25] *Id.*

hardship."[26]  The overwhelming hardship standard, while not preclusive, is a stringent standard that holds defendants seeking to deprive a plaintiff of his chosen forum to an appropriately high standard.[27]  That standard is met "'only in the rare case in which the combination and weight of the factors to be considered balance overwhelmingly in favor of the defendant.'"[28]

8.    Defendants address the *Cryo-Maid* factors[29] in their Motion to Dismiss.[30]  They argue that: (1) none of the witnesses with knowledge pertinent to this dispute are located in Delaware; (2) the bulk of witnesses are located in Daytona Beach, Florida; (3) many of these witnesses are non-parties and cannot be compelled to appear in Delaware; and (4) documents pertaining to the subject dispute (e.g., accounting records) are all located in Florida.[31]  They point out that non-party witnesses, the bulk of whom are in Florida, cannot be compelled to appear for trial in Delaware but such witnesses can be compelled to appear in Florida.[32]  Further,

[26] *BCORE Timber EC Owner LP*, 2023 WL 2985250, at *3 (citing *Mar-Land Indus. Contractors, Inc. v. Caribbean Petroleum Ref., L.P.*, 777 A.2d 774, 779 (Del. 2001).
[27] *Id.,* at 1105.
[28] *Id.* (quoting *Kolber v. Holyoke Shares, Inc.* 213 A.2d 444 (Del. 1965)).
[29] *Gen. Foods Corp. v. Cryo–Maid, Inc.*, 198 A.2d 681, 684 (Del.1964); accord *Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036-37 (Del. 2017).
[30] Defs.' Mot. to Dismiss, D.I. 6.
[31] *Id*. at 3-4.
[32] *Id.*

neither Aimbridge nor Defendants have any material connection to Delaware other than being organized under Delaware law.[33] And, the CHMA's choice-of-law clause designates that Florida law governs this dispute.[34] Defendants argue that there is no reason for this Court to interpret Florida law when a Florida court can do so.[35] The Defendants state their intent to bring their own claim against Aimbridge and assert that litigation in Delaware will cause greater time and expense than in Florida.[36] The only *Cryo-Maid* factor that "holds little weight" in their favor, in their opinion, is the possibility of a view of the Plaza Resort & Spa.[37] Defendants summarize that "[t]here is no practical reason why a contractual dispute, governed by Florida law, concerning a Florida hotel, where substantially all of the witnesses are located in Florida, should be litigated in Delaware."[38]

9. Aimbridge responds that Defendants have failed to meet their high burden to establish that they will face overwhelming hardship and inconvenience by litigating in Delaware.[39] Aimbridge contends that this action should remain in its chosen forum - Delaware.[40] It argues that Defendants have not made a particularized

---

[33] *Id.*
[34] *Id.* at 5.
[35] *Id.*
[36] *Id.* at 5-6.
[37] *Id.*
[38] *Id*. at 6.
[39] Aimbridge's Resp. at 3, D.I. 11.
[40] *Id*. at 1.

showing that evidence cannot be brought or otherwise produced in Delaware.[41] Aimbridge recognizes that Defendants identified certain potential witnesses in the Declaration attached to the Motion to Dismiss, however, they "have not identified the substance of the witnesses' testimony, which witnesses are not subject to compulsory process in Delaware, or which, if any, of these witnesses are unwilling to testify in Delaware."[42] Additionally, Aimbridge argues that: (1) Defendants will not face hardship if this Court applies Florida law because it is fully capable of applying the law of other jurisdictions;[43] (2) the fact that no related action is pending in another jurisdiction weighs significantly against granting a motion to dismiss on *forum non conveniens* grounds;[44] and (3) Defendants cite no authority for the proposition that a contemplated future claim provides support for dismissal on the basis of *forum non conveniens*.[45] Aimbridge agrees with Defendants that an inspection of the premises in this matter is inconsequential.[46]

10. Defendants reply that the Declaration submitted with the Motion to Dismiss sets forth the names of potential witnesses, their titles/roles on behalf of Plaza Resort & Spa and the respective subject matter of their potential testimony.[47]

---

[41] *Id.* at 3.
[42] *Id*. at 4-5.
[43] *Id*. at 6.
[44] *Id.*
[45] *Id*.
[46] *Id*.
[47] Defs.' Reply at 1-2, D.I. 12.

They argue that it is self-evident that various third parties over whom Defendants do not have control (i.e., outside accountants, former employees) would not likely travel from Florida to Delaware to testify voluntarily.[48]  Lastly, Defendants point out that while evidence can be produced digitally, the bulk of evidence in this case is located in Florida and no such evidence exists in Delaware.[49]

11.    Applying the *Cryo-Maid* factors through the prism of the undue hardship test, the Court concludes that this case is not one of those rare cases where undue, overwhelming hardship and inconvenience truly is visited on Defendants here.  First, regarding the ease of access of proof, Defendants fail to show that the potential witnesses and documents ***cannot be brought or otherwise produced*** in Delaware.  In a similar discussion on both the first and second *Cryo-Maid* factors, Defendants appear to conflate this showing with the idea that certain non-party witnesses ***cannot be compelled to testify*** in Delaware.  Nonetheless, because defendants "fail to make a particularized showing that witnesses, documents, or other evidence necessary to defend the allegations contained in ... [the] complaint cannot be brought to or otherwise produced in Delaware," this factor does not weigh in favor of Defendants.[50]

---

[48] *Id.* at 2.
[49] *Id.*
[50] *Pena v. Cooper Tire & Rubber Co.*, 2009 WL 847414, at *6 (Del. Super. Ct. Mar. 31, 2009) (citing *Mar-Land Indus. Contractors, Inc.*, 777 A.2d at 781).

12. Second, regarding the availability of compulsory process of witnesses, Defendants discuss the Courts' inability to compel certain potential witness to testify in Delaware. As previously stated, each party to this case is a Delaware limited-liability corporation. "Delaware has compulsory power to issue subpoenas to directors, officers, and managing agents of a Delaware corporation."[51] As to the other potential witnesses in this case, the Court notes that "although it would be more convenient for Florida witnesses to give testimony in Florida, they could testify in Delaware by deposition or appear here voluntarily[.]"[52] The Court does not find that Defendants have displayed overwhelming hardship and inconvenience on this factor.

13. Third, regarding the possibility of a view of the premises, all parties appear to agree as to the unimportance of this factor to the dispute. The Court does not find that this factor weighs in favor of dismissal.

14. Fourth, regarding the applicability of Delaware law, Defendants point to the choice-of-law clause in the CHMA, which states: "This Agreement shall be construed, both as to its validity and as to the performance of the parties, in accordance with the laws of the State of Florida without reference to its conflict of laws provisions."[53] The Court agrees that Florida law governs this dispute. Still,

---

[51] *1 Oak Priv. Equity Venture Cap. Ltd. v. Twitter, Inc.*, 2015 WL 7776758, at *8 (Del. Super. Ct. Nov. 20, 2015) (citing *Hamilton Partners, L.P. v. Englard*, 11 A.3d 1180, 1214-1215 (Del. Ch. 2010).
[52] *Berger v. Intelident Sols., Inc.*, 906 A.2d 134, 136-137 (Del. 2006).
[53] Defs.' Mot. to Dismiss, Ex. A at 21, D.I. 6.

"[t]he application of foreign law is not sufficient to warrant dismissal under the doctrine of *forum non conveniens*."[54] And "Delaware courts often decide legal issues – even unsettled ones – under the law of other jurisdictions."[55] Defendants have not persuaded the Court on this factor.

15. Fifth, regarding the pendency of a similar action in another jurisdiction, Defendants suggest a potential future claim against Aimbridge in Florida. But, there is no actual related action pending there. The absence of a pending action elsewhere "is an important, if not controlling, consideration."[56] "If not dispositive, this fact weighs *heavily* against dismissal."[57]

16. Sixth, regarding other practical considerations, Defendants merely assert that litigating this case in Delaware will cause greater time and expense than if the case were to be litigated in Florida. In the absence of a more detailed explanation, the Court is not persuaded by Defendants' assertion that this factor favors dismissal in any significant way.

---

[54] *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1200 (Del. 1997).
[55] *Berger,* 906 A.2d at 137.
[56] *Pena,* 2009 WL 847414, at *7 (citation omitted).
[57] *Id.*

**THEREFORE,** the Motion to Dismiss of Defendants Plaza Resort Atlantic Ocean LLC and Blu Ocean Waters LLC is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.