# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CRESA GLOBAL INC., SITE SELECTION GROUP, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. N24C-07-223-SKR CCLD ) |
| CHIRISA CAPITAL MANAGEMENT (US) LLC, CHIRISA RICHMOND LLC, | ) ) ) |
| Defendants. | ) ) |

Submitted: January 9, 2025
Decided: January 9, 2025

*Upon Consideration of Defendants' Motion to Dismiss*: **DENIED.**

Michael A. Weidinger, Esquire, Megan Ix Brison, Esquire, PINCKNEY, WEIDINGER, URBAN & JOYCE LLC, Wilmington, Delaware, Larry Hutcher, Esquire, William H. Mack, Esquire, DAVIDOFF HUTCHER & CITRON LLP, New York, New York, *Attorneys for Plaintiffs Cresa Global Inc. and Site Selection Group, LLC.*

Stephen B. Brauerman, Esquire, BAYARD, P.A., Wilmington, Delaware, John W. Lomas Jr., Esquire, EVERSHEDS SUTHERLAND (US) LLP, Washington, DC, *Attorneys for Defendant Chirisa Richmond LLC.*

**Rennie, J.**

## I.  INTRODUCTION

Defendants'[1] argument boils down to Delaware being a less convenient forum than Virginia.  "[D]espite linguistic appearance to the contrary, *forum non conveniens* is not a doctrine of convenience."[2]  The phrase literally translates to "forum not agreeing," with the meaning of the phrase better understood as "inappropriate" or "unsuitable" forum.[3]  The Defendants needed to show, via the *Cryo-Maid* factors, that Delaware is an unsuitable forum.  Because Defendants did not make such a showing, Defendants' Motion to Dismiss is **DENIED**.

## II.  BACKGROUND[4]

### A. The Parties

Plaintiff, Cresa Global Inc. ("Cresa"), is a Delaware corporation, headquartered in New York, New York.[5]  Plaintiff, Site Selection Group LLC ("Site Selection" and collectively with Cresa, "Plaintiffs"), is a Texas limited liability

---

[1] Defendant Chirisa Richmond LLC alleges that Defendant Chirisa Capital Management (US) LLC dissolved at the end of 2021.  *See* ¶ 43 of Ex. C to the MTD.  Whether Chirisa Capital Management (US) LLC exists is irrelevant for the purposes of deciding the MTD (as defined below) and is a question for another day.  For simplicity, the Court refers to the movant as the "Defendants" in this opinion.

[2] *Aveta, Inc. v. Colon*, 942 A.2d 603, 608 (Del. Ch. 2008).

[3] *See Aranda v. Philip Morris USA Inc.*, 183 A.3d 1245, 1249 (Del. 2018).

[4] The facts are drawn from the well-pled allegations in the Complaint and exhibits.  Additional facts are drawn from the parties' briefing.  *See* D.I. No. 1 ("Compl."); D.I. No. 5 ("MTD"); D.I. 9 ("Opp. Br."); D.I. 11 ("Reply"); D.I. 12 ("Hayes Dec.").

[5] Compl. ¶ 18.

company, headquartered in Texas.[6]  Defendant, Chirisa Capital Management (US) LLC ("Chirisa Capital"), is a Delaware limited liability company, headquartered in Virginia.[7]  Defendant, Chirisa Richmond LLC, is a Delaware limited liability company, headquartered in Virginia ("Chirisa Richmond" collectively with Chirisa Capital, the "Defendants" and the Defendants collectively with the Plaintiffs, the "Parties").[8]

## B. Procedural History

On November 17, 2023, Plaintiffs filed suit in the Supreme Court of the State of New York (the "New York Action") alleging similar claims against companies that appear to be related to the Defendants.[9]  On May 3, 2024, that court dismissed the New York Action.[10]

On July 25, 2024, Cresa filed its Complaint in this Court for Breach of Contract, or in the alternative, Unjust Enrichment or Quantum Meruit.[11]  On August 19, 2024, Chirisa filed its Motion to Dismiss on *forum non conveniens* grounds.[12]

---

[6] *Id.* ¶ 19.

[7] *Id.* ¶ 20

[8] *Id.* ¶ 21.

[9] Ex. A to Opp. Br.

[10] Ex. B to Opp. Br.

[11] D.I. 1.

[12] D.I. 5.

On September 13, 2024, Cresa filed its Opposition to the Motion to Dismiss.[13]  On September 25, 2024, Chirisa filed its Reply in further support of its Motion to Dismiss.[14]  Oral Argument was heard on January 9, 2025.

### C. Nature of the Case

Defendants own and operate a data center located in Virginia (the "Site").[15] Plaintiffs allege that they procured a client, CoreWeave, Inc. ("CoreWeave"),[16] to license the Site from the Defendants.[17]  Plaintiffs further allege that, because of their efforts, Defendants and CoreWeave executed a Master Services Agreement ("MSA") for data center services at the Site.[18]  Plaintiffs are not a party to the MSA.[19] The MSA is governed by Virginia law.[20]  Plaintiffs contend that they are owed a transaction commission for their efforts.[21]  Defendants, obviously, disagree.[22]  There is no formal written agreement between the Parties.[23]

---

[13] D.I. 9.

[14] D.I. 11.

[15] Comp. ¶ 1

[16] Based on CoreWeave's corporate address posted on its website and public records, CoreWeave appears to be a New Jersey corporation.

[17] *Id.*

[18] Comp. ¶¶ 4, 13.

[19] Comp ¶ 4.

[20] MTD, at 2; ¶ 50 of Ex. C to MTD.

[21] Comp. ¶¶ 13-15.

[22] Comp. ¶ 14; MTD, at 1-2.

[23] Comp. ¶ 84; MTD, at 4.

## D. Location of Potential Evidence

Plaintiffs' potential witnesses appear to be: (1) Michael Rareshide, who is a partner at Site Selection,[24] and appears to be in Texas;[25] and (2) Andrew Stein, who is a Managing Principal at Cresa,[26] and appears to be in New York.[27]

Defendants' primary witness appears to be Michael Lee Hayes, who resides in Dublin, Ireland, and works in Dublin and Virginia.[28] Plaintiff may wish to depose the following individuals allegedly connected to the Defendants: Steve Friedman who appears to be in Florida, Marley Hughes who appears to be in Tennessee, and Colm Piercy who appears to be in the United Arab Emirates.[29]

The Parties have not presented any evidence pertaining to the location of any potential third-party witnesses. Similarly, the Parties have not presented any evidence on the location of relevant documents.

---

[24] Comp. ¶ 25.

[25] MTD, at 7.

[26] *See* Affidavit of Andrew Stein, attached to the Opp. Br.

[27] MTD, at 7.

[28] Hayes Dec. ¶ 3.

[29] *See* ¶ 5 of the Affidavit of Andrew Stein, attached to the Opp. Br.

## III. STANDARD OF REVIEW

Delaware Superior Court Civil Rule 12(b)(3) governs a motion to dismiss or stay on the basis of *forum non conveniens*.[30] Ordinarily, at the motion to dismiss stage, the Court must accept as true all of the plaintiff's well-pleaded facts and draw all reasonable inferences in the plaintiff's favor.[31] But when a motion to dismiss is based on *forum non conveniens*, this Court exercises its sound discretion and an orderly and logical deductive process when making findings of fact.[32]

This Court applies the so-called *Cryo-Maid* factors in making a *forum non conveniens* determination.[33] These factors are:

> (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises, if appropriate; (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; (5) whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction; and (6) the pendency or non-pendency of a similar action in another jurisdiction.[34]

---

[30] *Arrowood Indem. Co. v. AmerisourceBergen Corp.*, 2023 WL 2726924, at *8 (Del. Super. Mar. 30, 2023).

[31] *In re CVS Opioid Ins. Litig.*, 2022 WL 3330427, at *3 (Del. Super. Aug. 12, 2022).

[32] *CVS Opioid Ins. Litig.*, 2022 WL 3330427, at *3.

[33] *Arrowood*, 2023 WL 2726924, at *8.

[34] *GXP Capital, LLC v. Argonaut Mfg. Servs., Inc.*, 253 A.3d 93, 101 (Del. 2021).

5

The Court uses one of three tests when analyzing these factors, with the sixth factor determining the applicable test.[35] First, when the Delaware case is the first-filed between the parties, the Court applies the "*Cryo-Maid*" test, in which the defendant must overcome a presumption in favor of the plaintiff's choice by showing that litigation in Delaware will cause an "overwhelming hardship".[36] Second, when there is a prior pending case in another jurisdiction between the same parties involving the same issues, the Court applies the "*McWane*" test, and presumes that it should grant the defendant's requested relief.[37] Third, when prior litigation between the parties has been dismissed and there is no other prior pending litigation between the parties, the Court applies the "*Gramercy*" test and does not make presumptions in favor of either party.[38]

But no matter which test is applicable, to prevail, the defendant must always show that it is sufficiently burdened by the plaintiff's choice of Delaware as the forum in which to bring suit.[39]

---

[35] *GXP Capital, LLC*, 253 A.3d at 100; *GXP Capital, LLC v. Argonaut Mfg. Servs., Inc.*, 234 A.3d 1186, 1195 (Del. Super. 2020) ("[T]he five original *Cryo-Maid* factors are examined for all *forum non conveniens* claims. And the later-added sixth pendency-of-other-cases factor fixes the background presumptions and thresholds against which those five factors are analyzed.").

[36] *Arrowood*, 2023 WL 2726924, at *8.

[37] *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281 (Del. 1970); *Arrowood*, 2023 WL 2726924, at *8.

[38] *See Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033 (Del. 2017); *Arrowood*, 2023 WL 2726924, at *8.

[39] *CVS Opioid Ins. Litig.*, 2022 WL 3330427, at *3.

6

# IV. ANALYSIS

The New York Action was dismissed, and there is no prior pending litigation between the parties, so the Court will apply the *Gramercy* test when analyzing the *Cryo-Maid* factors. The Parties agree that this is the appropriate test to apply.[40]

## A. The ease of access to proof is a neutral factor.

Defendants have not pointed to any discovery they intend to seek from Plaintiffs that will be stymied by litigating in Delaware.[41] Defendants have not presented any evidence that obtaining documents will be more difficult in Delaware. None of the potential witnesses for the Plaintiffs appear to be in Virginia or located substantially closer to Virginia than Delaware. Defendants' argument is that it would be more convenient for *their* witnesses to litigate in Virginia, but that alone is insufficient to tip the scales on this factor.[42]

Any burden would be on Plaintiffs, because Defendants' primary witness is in Virginia.[43] Had Plaintiffs chosen to file in Virginia and obtained Virginia counsel, Plaintiffs would have an easier time in deposing that witness. But that is a burden Plaintiffs voluntarily assumed.

---

[40] MTD, at 7; Opp. Br., at 3.

[41] *Arrowood*, 2023 WL 2726924, at *11.

[42] *GXP Capital, LLC*, 253 A.3d at 103.

[43] Hayes Dec. ¶ 3.

Defendants have not made a showing that litigating in Delaware will limit their access to evidence in this matter. Plaintiffs have not made a showing that litigating in Delaware will provide greater access to evidence. This factor, therefore, is neutral.

**B. The availability of compulsory process for witnesses is a neutral factor.**

Neither party mentioned any third-party witnesses, even so, the location of any third-party witness. This factor, therefore, is neutral.

**C. The possibility of needing to view the Site is a neutral factor.**

Neither party suggests that viewing the Site is going to be necessary in this case and, indeed, Defendants conceded this point at oral argument. Hence, this factor is also neutral.

**D. The residual factor is neutral.**

The Parties agree that there are no practical problems that would make litigating in either Delaware or Virginia harder, slower or more expensive.[44]

Instead, Defendants make only one argument that falls under the residual factor—that Virginia is an available forum.[45] It is undisputed that Virginia is an

---

[44] MTD, at 8; Opp. Br., at 8-9.

[45] Reply, at 5-6.

available forum, based on the location of Defendants' headquarters. But the Court's inquiry when deciding *forum non conevniens* is concerned with problems the Defendants may face if forced to litigate in Delaware, not whether the Defendants are also subject to suit in a different jurisdiction.[46] It is not this Court's duty to select the best or most convenient forum available.[47] While the availability of an alternative forum can be a relevant consideration under certain circumstances,[48] standing alone, the Court declines to give this fact any weight. This factor is neutral.

**E. Delaware has a greater interest in deciding this dispute.**

Delaware has a stronger interest in this dispute than Virginia. First, both Defendants are Delaware entities.[49] "Delaware has an interest in regulating the conduct of entities formed under its laws, and this public interest can weigh against granting *forum non conveniens*."[50] While it is true that this interest is strongest when the dispute involves corporate governance matters, this does not mean that if the dispute *does not* involve corporate governance matters that Delaware has *no* interest in the dispute.

---

[46] *Hupan v. Alliance One Int'l Inc.*, 2016 WL 4502304, at * 8 (Del. Super. Aug. 25, 2016).

[47] *Sands v. Union Pac. R.R. Co.*, 2017 WL 5664748, at *3 (Del. Super. Nov. 20, 2017).

[48] *GXP Capital, LLC*, 253 A.3d at 106.

[49] Compl. ¶¶ 20, 21.

[50] *GXP Capital, LLC*, 234 A.3d at 1198.

Further, Defendants contend that this dispute should be governed by Virginia law as it has the most significant relationship to this dispute.[51] The record is undeveloped with respect to all the factors relevant to a choice of law analysis, and the Court declines to determine at this point which state's law applies to this dispute.[52] Even if Virginia law does apply, this Court often decides legal issues under the laws of other jurisdictions, where none of the parties involved are from Delaware, and where none of the events at issue occurred in Delaware.[53]

Absent any hardship occasioned from any of the other factors,[54] Delaware's interest in deciding disputes involving Delaware entities makes this factor lean in favor of Delaware.

---

[51] MTD, at 8.

[52] *Dow Chem. Co. v. Organik Kimya Holding A.S.*, 2018 WL 2382802, at *6 (Del. Ch. May 25, 2018) ("Needless to say, the 'most significant relationship' test entails a fact-intensive inquiry that often is inappropriate to a motion to dismiss.").

[53] *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 1000 (Del. 2004) ("[A] significant Delaware interest … is to make available to litigants a neutral forum to adjudicate commercial disputes against Delaware entities, even where the dispute involves foreign law and the parties and conduct are centered in a foreign jurisdiction."); *Berger v. Intelident Sols., Inc.*, 906 A.2d 134, 137 (Del. 2006) ("Delaware courts often decide legal issues—even unsettled ones—under the law of other jurisdictions."); *Kolber v. Holyoke Shares, Inc.*, 213 A.2d 444, 446 (Del. 1965) ("It is quite ordinary for Delaware courts to determine causes in which all persons involved are non-residents of Delaware and in which none of the events involved occurred here. ").

[54] *GXP Capital, LLC*, 234 A.3d at 1198.

## V. CONCLUSION

In the absence of Defendants presenting any evidence that tips any of the *Cryo-Maid* factors in favor of litigating this case in Virginia, Delaware's interest in deciding disputes concerning Delaware entities carries the day. Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

11