# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  September 1, 2022
Date Decided:  November 14, 2022

Kenneth J. Nachbar, Esq.
Elizabeth A. Mullin, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Suite 1200
Wilmington, Delaware 19801

J. Matthew Belger, Esq.
Clarissa R. Chenoweth-Shook, Esq.
Charles R. Hallinan, Esq.
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
Wilmington, Delaware 19801  `

Greg Shinall, Esq.
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603

Maria Aprile Sawczuk, Esq.
GOLDSTEIN & MCCLINTOCK, LLLP
501 Silverside Road, Suite 65
Wilmington, Delaware 19801

Marc E. Rosenthal, Esq.
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602

B. Lane Hasler, Esq.
33 North Dearborn, Suite 2330
Chicago, Illinois 60602

RE: *Sperling & Slater v. SilkRoad, Inc. and SilkRoad Equity, LLC*
   C.A. No. N21C-11-152-PRW CCLD
   Third-Party Defendant, Thomas A. DePasquale Management Trust's Motion
   to Stay for *Forum Non Conveniens* or, in the Alternative, Dismiss for Improper
   Venue

Dear Counsel:

This Letter Order resolves Third-Party Defendant, Thomas A. DePasquale Management Trust's Motion to Stay for *Forum Non Conveniens* or, in the Alternative, Dismiss for Improper Venue.

## I.  BACKGROUND

The parties and the Court are well-acquainted with the factual and procedural background of this action.[1]  A detailed summary of the facts is set forth more fully in the Court's earlier order granting the Trust's motion to intervene and denying the Trust's motion to stay or rescind the interpleader order.[2]

Given the parties' almost decade-long and still ongoing litigious relationship, the Court asked for a stipulated factual and procedural history of the parties' legal disputes.[3]  Because their previous lawsuits largely occurred in Illinois, the instant motion has long been anticipated, and the Court deemed prudent a stipulated, truncated version of the parties' past to aid in a timely disposition of the now-pending forum question.  But the parties failed to reach any agreement on such.[4]

In their most recent submissions, the parties repeated and incorporated the same versions of facts set forth in their initial submissions.  Thus, given their inability to provide a concise, stipulated factual history, the disposition of the instant motion will be determined based on the incomplete record provided.

---

[1]  *Sperling & Slater v. SilkRoad, Inc. and SilkRoad Equity, LLC*, 2022 WL 1014128 (Del. Super. Ct. Apr. 4, 2022).

[2]  *Id.*

[3]  *Id.* at *7.

[4]  Status Conf. Tr. at 3, May 2, 2022 (D.I. 51) ("I received [letters from the parties] indicating that they were at an impasse trying to carry that task out.").

The Trust filed the instant Motion to Stay for *Forum Non Conveniens* or, in the Alternative, Dismiss for Improper Venue.[5]  Silkroad, Inc. ("SRI") docketed its Letter of No Position.[6]  And Sperling & Slater, P.C. ("Sperling") filed an answering brief opposing a dismissal or  stay.[7]  The Court heard argument on the Trust's motion and that application is now ripe for decision.[8]

## II.  APPLICABLE LEGAL STANDARDS

### A.  DISMISSAL FOR IMPROPER VENUE

This Court's Civil Rule 12(b)(3) governs a motion to dismiss for improper venue.[9]  A reviewing court "must assume as true all the facts pled in the complaint and view those facts and all reasonable inferences drawn from them in the light most favorable to the plaintiff."[10]  The Court "is not shackled to the plaintiff's complaint and is permitted to consider extrinsic evidence from the outset."[11]  A dismissal motion may be granted "before the commencement of discovery on the basis of

---

[5]   D.I. 46.

[6]   D.I. 52.

[7]   D.I. 53.

[8]   D.I. 49.

[9]   Del. Super. Ct. Civ. R. 12(b)(3).

[10]   *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Ct. Mar. 31, 2009) (citation omitted).

[11]   *Id.* (citation omitted).

affidavits and documentary evidence if the plaintiff cannot make out a *prima facie* case in support of its position."[12]

When considering such a motion, the Court must "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[13] "If a forum selection clause validly limits a plaintiff to a single forum, that clause operates to divest a court that otherwise has jurisdiction of its status as a proper venue for the plaintiff to sue."[14]

## B. STAYS FOR *FORUM NON CONVENIENS*

"Motions to stay litigation on grounds of *forum non conveniens* are granted only in the rare case."[15] Indeed, Delaware courts are "hesitant to grant motions to stay based on *forum non conveniens*, and the doctrine is not a vehicle by which the Court should determine which forum would be most convenient for the parties."[16] Any such stay determination is left to this Court's sound discretion.[17]

In analyzing a motion to stay or dismiss an action for *forum non conveniens*,

---

[12] *Id.* (citation omitted).

[13] *Id.* at *3 (citation omitted).

[14] *Simon v. Navellier Series Fund,* 2000 WL 1597890, at *6 (Del. Ch. Oct. 19, 2000).

[15] *In re Bear Sterns Cos., Inc. S'holder Litig.*, 2008 WL 959992, at *5 (Del. Ch. Apr. 9, 2008).

[16] *In re Citigroup, Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 117 (Del. Ch. 2009) (citing *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1199 (Del. 1997)).

[17] *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.*, 253 A.3d 93, 97 (Del. 2021).

the Court applies the *Cryo-Maid* factors.[18]  Those factors are:

> (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises, if appropriate; (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; (5) whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction; and (6) the pendency or nonpendency of a similar action in another jurisdiction.[19]

"When an older case is pending in another jurisdiction, the hardship factors are measured using the '*McWane* test' instead, in which a trial court is directed to freely exercise its discretion in favor of the relief requested by the defendant in the later-filed Delaware action."[20]  *McWane* requires the Court analyze whether there "(1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues?"[21]  "If all three criteria are met, *McWane* and its progeny establish a strong preference for the litigation of a dispute in the forum in which the first action was filed."[22]

---

[18]  *Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036 (Del. 2017).

[19]  *Id.* at 1036-37 (cleaned up).

[20]  *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.*, 234 A.3d 1186, 1194 (Del. Super. Ct. 2020) (citing *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970)), *aff'd*, 253 A.3d 93 (Del. 2021).

[21]  *LG Elecs., Inc. v. InterDigital Commc'ns, Inc.*, 114 A.3d 1246, 1252 (Del. 2015) (internal citation omitted).

[22]  *Id.* (citation and quotation marks omitted).

### III.  PARTIES' CONTENTIONS

#### A. THE TRUST'S MOTION TO STAY FOR *FORUM NON CONVENIENS* OR, IN THE ALTERNATIVE, DISMISS FOR IMPROPER VENUE

Citing the three-factor *McWane* test, the Trust urges the Court to grant its motion because, in its view, the parties have a (1) previously-filed and competing action in an Illinois Court; (2) that involves the same parties and the same issues; and (3) the Illinois Court, as it has done in the past, is capable of providing "prompt and complete justice."[23]  As such, it contends that Illinois "has been the location for all disputes between creditors asserting competing claims to Filipowski's assets," including the SRI Note, and should continue to be so.[24]

Alternatively, if the *McWane* factors don't apply, the Trust argues that the *forum non conveniens* factors articulated in *Cryo-Maid* do.[25]  In addition to the previous/contemporaneous Illinois-based litigation, the Trust argues the following facts satisfy *Cryo-Maid's* considerations:

- Sperling is an Illinois-based law firm and Illinois is where all its attorneys and witnesses are located;

- SRE's principal place of business is in Illinois;

---

[23]  Trust's Mot. to Stay for *Forum Non Conveniens* or, in the Alternative, Dismiss for Improper Venue ("Trust's Mot. to Stay or Dismiss") at 8-9 (citing *McWane Cast Iron Pipe Corp.*, 263 A.2d at 283), May 23, 2022 (D.I. 46).

[24]  *Id.* at 9.

[25]  *Id.* at 10 (citing *Cryo–Maid, Inc.*, 198 A.2d at 684).

- Sperling's legal services were mostly performed in Illinois;

- Sperling's attorney's lien is based on Illinois law;

- The Distribution Agreement related to the SRI Note was negotiated and executed in Illinois, with oversight by an Illinois judicial officer; and

- The Distribution Agreement contains an Illinois choice-of-law provision.[26]

And finally, the Trust contends Sperling's reliance on the Delaware choice-of-law provision in the SRI Note Agreement is misplaced because the provision only governs disputes between SRI and SRE; it wields no power over Sperling's priority claim to its attorneys' fees.[27]

## B. SPERLING'S OPPOSITION

According to Sperling, both *McWane* and *Cryo-Maid* are inapposite and the Trust's Motion should be denied.[28]

Sperling contends there is no prior pending action because *this* action involves Sperling, SRE, and SRI, whereas the Illinois lawsuits all involve creditor disputes

---

[26] *Id.* at 10-11.

[27] *Id.* at 11-12.

[28] Sperling's Opp'n to Trust's Mot. to Stay or Dismiss at 6-15, June 13, 2022 (D.I. 53).

over Mr. Filipowski's assets.[29]  It says that the Illinois Court even held so in its

April 27, 2022 Order dismissing the Trust's TRO.[30]  That order reads:

> [T]here are no proceedings pending before this court by Sperling to obtain judgment against SRE for past due attorneys fees relating to the prior Delaware Action, to enforce Sperling's alleged attorney's lien against the proceeds of the SRI Note, to enjoin the Delaware Action, or to foreclose upon the SRI Note.[31]

According to Sperling, the matters don't overlap and there isn't a current

Illinois matter prohibiting *this* action.[32]

Sperling also asserts that the Trust has not met its hardship burden under *Cryo-*

*Maid*.[33]  It argues the Trust failed to show that Delaware law is inapplicable to the

dispute—highlighting that the SRI Note expressly contains a Delaware forum

selection clause.[34]  Too, Sperling addresses the Trust's failure to particularize any

hardship with respect to subpoenaing witnesses—especially since SRI and SRE both

---

[29]  *Id.* at 7.  True, this action originally didn't involve the Trust or Mr. Filipowski because Sperling—whether inadvertently, strategically, or rightly—omitted them.  But they have since been joined as parties and this continued creditor priority fight over the Note proceeds bears striking resemblance to the Illinois lawsuits in which Sperling filed its Notice of Adverse Claims.

[30]  *Id.* at 6.

[31]  *Id.*, Ex. C ¶ 5 (April 27, 2022 Order, *Wells Fargo Bank v. Andrew Filipowski*, Circuit Court of Cook County, Illinois, Case No. 14 L 050758).

[32]  *Id.* at 8.

[33]  *Id.* at 9-10.

[34]  *Id.* at 12.

are Delaware-registered entities, the Trust is a Virginia entity, and Mr. Filipowski is a Florida resident.[35] Sperling also argues that its Illinois attorney's lien is governed by and enforceable under Delaware law because it provided legal services to a Delaware entity, in a Delaware-filed lawsuit, in a Delaware court.[36]

## IV. DISCUSSION

### A. THE TRUST HAS NOT SATISFIED THE *CRYO-MAID* FACTORS.

"When a case is not first-filed in Delaware and its predecessor remains pending, *McWane* applies . . . ."[37] That is not the case here. The Illinois action is not a predecessor—this action involves just Sperling and SRE, not Filipowski. SRE is a separate and distinct entity. Moreover, there is nothing pending in Illinois by SRE, SRI, or the Trust against Sperling.[38] The Trust argues "the impact of what

---

[35]  *Id.* at 13.

[36]  *Id.* at 12.

[37]  *Gramercy Emerging Mkts. Fund*, 173 A.3d at 1037 (citation omitted).

[38]  Oral Arg. Tr. at 11

> TRUST's COUNSEL:  There is nothing currently pending by Sperling in Illinois. And I think Sperling –
>
> THE COURT:  Nor is there anything from any of your parties -- SRE, SRI, the Trust -- against Sperling; correct? Those parties are not joined in any current litigation in Illinois.
>
> TRUST's COUNSEL:  That is correct, Your Honor. That could have been filed, and I have contemplated filing that, but my preference was not to have a competing action in Illinois pending while we discussed the propriety of venue in Delaware.

Sept. 1, 2022 (D.I. 57).

Sperling is doing is to directly affect Filipowski's direct interest in the SRI note."[39]

But that is not the standard. And because there is no real predecessor action, *Cryo-Maid* applies.[40]

Next, the Court must determine whether to apply the overwhelming hardship standard when analyzing the *Cryo-Maid* factors. Generally, when a party seeks dismissal on the grounds of *forum non conveniens*, the overwhelming hardship standard is applied.[41] And the same overwhelming hardship standard applies on a motion to stay, where a stay "would likely have the same ultimate effect as a dismissal."[42] Here, the Trust initially sought a preliminary injunction and temporary restraining order—applications it later withdrew.[43] If this action is stayed in favor

---

[39]   *Id.* at 12.

[40]   *Gramercy Emerging Mkts. Fund*, 173 A.3d at 1036-37.

[41]   *Id.* at 1037 ("When that is the case, for dismissal to be granted, the *Cryo-Maid* factors must weigh overwhelmingly in favor of the defendant." (citation omitted)).

[42]   *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Turner Constr. Co.*, 2014 WL 703808, at *2 (Del. Super. Ct. Feb. 17, 2014) ("Delaware courts have held that the overwhelming hardship standard also applies where granting a stay of a contemporaneously filed action would likely have the same ultimate effect as a dismissal." (citations omitted)); *Rosen v. Wind River Sys., Inc.*, 2009 WL 1856460, at *3 (Del. Ch. June 26, 2009); *see also Brandin v. Deason*, 941 A.2d 1020, 1024 n.13 (Del. Ch. July 20, 2007) ("Some debate exists as to whether, if a motion seeks to stay litigation rather than dismiss it pursuant to forum non conveniens, a defendant still must show 'overwhelming hardship and inconvenience' to succeed on the motion, rather than simply illustrate that the relevant factors preponderate in his favor." (comparing H*FTP Invs., LLC v. ARIAD Pharms., Inc.*, 752 A.2d 115, 121 (Del.Ch.1999), with *Ryan v. Gifford*, 918 A.2d 341, 351 (Del. Ch. Feb. 6, 2007)).

[43]   Oral Arg. Tr. at 40.

of Illinois, the Trust will no doubt again seek a preliminary injunction and temporary restraining order. Thus, granting the stay sought here would have the same effect as dismissing the action. So the Court will apply the overwhelming hardship standard in its *Cryo-Maid* analysis.[44]

Under the overwhelming hardship standard, the Court "must decide whether the defendants have shown that the *forum non conveniens* factors weigh so overwhelmingly in their favor that [effective] dismissal of the Delaware litigation is required to avoid undue hardship and inconvenience to them."[45]

Both in its writings[46] and at argument, the Trust has argued a stay is necessary because:

- "Sperling is based in Illinois. Its files and people are in Illinois. The Trust and Filipowski have both been litigating in Illinois for seven years. Both their attorneys and their files are in Illinois."[47]

- "All of the parties are either based in Illinois or are parties to the Illinois supplementary proceeding. There's no problem getting witnesses before the Illinois Court."[48]

---

[44]   *See Rosen*, 2009 WL 1856460, at *3 ("Because the focus of all the competing actions currently is on the plaintiffs' request for a preliminary injunction, a stay of this action arguably would have the same practical effect as a dismissal. Thus, a strong case exists for application of the overwhelming hardship standard here.").

[45]   *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1106 (Del. 2014).

[46]   Trust's Mot. to Stay or Dismiss at 10-11; Oral Arg. Tr. at 12-16.

[47]   Oral Arg. Tr. at 13-14.

[48]   *Id.* at 15.

- "This case is a priority dispute with an Illinois attorney's lien against Illinois citation, judicial liens and charging orders. It also involves the validity and amount of the Illinois attorney's lien. There are no issues of Delaware law here."[49]

- "There's just no meaningful connection to Delaware here."[50]

- "Illinois is the only place where similar actions involving this asset in particular and other assets in which Filipowski has an interest has been heard."[51]

The first factor (relative ease of access to proof) does not weigh in favor of either forum. The Trust insists that because the "attorneys . . . are in Chicago . . . that's what's relevant, and the seven years' worth of accumulated litigation files and knowledge."[52] Moreover, Sperling[53] and SRE's primary officer, Matthew Roszak, are both based in Illinois.[54]

Neither party has suggested that the sources of proof are located in Delaware.

---

[49] *Id.* at 12-13.

[50] *Id.* at 15.

[51] *Id.* at 15.

[52] *Id.* at 14.

[53] Sperling "contends that Delaware is a convenient forum." Sperling's Opp'n to Trust's Mot. to Stay or Dismiss at 13.

[54] Oral Arg. Tr. at 13-14.

But that doesn't mean the first factor *perforce* weighs in favor of Illinois.[55]  As best the Court can now determine, the two potential witnesses are Filipowski who is located in Florida, and Roszak who is located in Illinois, but who would be testifying as a representative of SRE, a Delaware citizen.  The majority of evidence will be documentary evidence.  While the "files" are located in Illinois, their transportation to and production here—which will most likely be electronic or digital—is not a burden that weighs in favor of Illinois.[56]  Accordingly, the first factor favors neither forum.

The second factor (availability of compulsory process for witnesses) is neutral here.  When examining this factor, "[t]he Court considers whether another forum would provide a substantial improvement as to the number of witnesses who would be subject to compulsory process."[57]  While the Trust says "[t]here's no problem getting witnesses before the Illinois Court" it doesn't assert that any witness couldn't testify—via compulsion or otherwise—in Delaware.[58]  Accordingly, the second

---

[55]  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2014 WL 703808, at \*5 (finding ease of access to proof factor neutral where "relevant proof largely will be documentary" and where "[n]either party claims to have sources of proof located in Delaware.").

[56]  *See In re Asbestos Litig.*, 929 A.2d 373, 384 (Del. Super. Ct. 2006).

[57]  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2014 WL 703808, at \*5 (citation and quotation marks omitted).

[58]  Oral Arg. Tr. at 15.

factor also favors neither forum.

Both sides agree that the third *Cryo-Maid* factor (possibility of a view of the premises) is irrelevant here.[59]

The fourth factor (dependency upon Delaware law) weighs in favor of Delaware. Looking to this factor, "[t]he Court considers 'whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction.'"[60]

The Trust argues that the action involves an Illinois attorney's lien and therefore only Illinois law is applicable. But the underlying action here is a petition to enforce an attorney's lien that was the result of an action in Delaware's Court of Chancery.[61] The Trust says the Court should ignore that fact because "[t]he real document at issue here is the distribution agreement."[62] Not so. Deciding this lien question will no doubt invoke Delaware law.[63] And under this factor, whenever possible, questions of Delaware law should be decided by a Delaware court.[64]

---

[59] *Id.* at 15, 35-36.

[60] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2014 WL 703808, at *4 (quoting *Ison v. E.I. DuPont de Nemours & Co., Inc.*, 729 A.2d 832, 838 (Del. 1999)).

[61] Compl. ¶ 12.

[62] Oral Arg. Tr. at 13.

[63] *See Katten Muchin Rosenman LLC v. Sutherland*, 153 A.3d 722, 726 (Del. 2017).

[64] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2014 WL 703808, at *4.

Accordingly, the fourth factor weighs in favor of Delaware.

The fifth factor (practical problems) does not weigh in favor of either forum. Under this factor, the Court looks at "practical problems that would make the trial of the case easy, expeditious and inexpensive."[65] The Trust says as to this: "The Illinois Court knows the parties."[66] Maybe so. But given the flurry of activity thus far, this Court has quickly familiarized itself with the matter as well.

Both parties will need to travel. Both parties will need to pay attendant expenses. This factor doesn't require a weighing of each individual attorney's convenience, comparative airfare, and hotel costs. Unfortunately, litigation is expensive wherever it occurs. And all parties to this litigation will have like ancillary inconvenience and expense incurred either in Delaware or in Illinois.

As the Illinois Court itself noted, there is nothing otherwise that "would prevent [this Delaware] Action from proceeding expeditiously to its conclusion."[67] Accordingly, the fifth factor does not weigh in favor of either forum.

The sixth factor (pendency of other lawsuits) does not weigh in favor of either forum. According to the Cook County Circuit Court:

---

[65] *Gramercy Emerging Mkts. Fund*, 173 A.3d at 1036-37 (citation and quotation marks omitted).

[66] Oral Arg. Tr. at 15-16.

[67] Sperling's Opp'n to Trust's Mot. to Stay or Dismiss, Ex. C ¶ 5 (April 27, 2022 Order, *Wells Fargo Bank v. Andrew Filipowski*, Circuit Court of Cook County, Illinois, Case No. 14 L 050758).

> As a consequence of the Trust's withdrawal, there is nothing currently pending before this court that in any way would prevent the Delaware Action from proceeding expeditiously to its conclusion. In particular there are no proceedings pending before this court by Sperling to obtain judgment against SRE for past due attorneys fees relating to the prior Delaware Action, to enforce Sperling's alleged attorney's lien against the proceeds of the SRI Note, to enjoin the Delaware Action, or to foreclose upon the SRI Note.[68]

The Trust argues the supplementary proceeding is asset-based, not party-based, with the asset in question being the SRI Note, and the Illinois Court prohibiting the SRI Note from making distributions without the Illinois Court's permission.[69] In its briefing, the Trust points to, *inter alia*, a permanent injunction order and judgment entered by the Cook County Circuit Court dated November 1, 2017, which ordered:

> that a permanent injunction is hereby issued against the Trust, as assignee of Wells' judgment against Filipowski and its associated liens – and any future assignees thereof, prohibiting them from proceeding with the Wells Florida Case, or any other collection actions in any jurisdiction outside of Cook County, Illinois regarding non-exempt personal property of Filipowski without prior permission by this Court.[70]

According to the Trust, the Delaware action must be stayed because of the 2017 "Illinois order prohibiting SRI from making any distributions" without the Illinois

---

[68] *Id.*

[69] Oral Arg. Tr. at 38.

[70] Trust's Mot. to Stay or Dismiss, Ex. 6 at 6.

Court's consent.[71]  If so, a plain reading of that same Illinois Court's 2022 order almost explicitly invites this Court to continue and expeditiously conclude this present litigation here.  So, if anything, the sixth factor accords weight in favor of doing just that.

## V.  CONCLUSION

On balance, the Trust has failed to show beyond mere inconvenience why the Delaware action should or could be stayed in favor of Illinois.  That itself isn't enough.[72]  And because the Trust fails on even that simple balancing, it certainly fails under the overwhelming hardship standard that must be met for it to obtain the specific stay or dismissal it seeks here.[73]

The Trust's Motion to Stay for *Forum Non Conveniens* or, in the Alternative, Dismiss for Improper Venue is **DENIED**.

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

---

[71]  Oral Arg. Tr. at 38.

[72]  *In re Citigroup, Inc. S'holder Deriv. Litig.*, 964 A.2d at 117 (stating forum non conveniens "is not a vehicle by which the Court should determine which forum would be most convenient" (citing *Taylor*, 689 A.2d at 1199)).

[73]  *See Martinez*, 86 A.3d at 1106 ("Delaware trial judges must decide whether the defendants have shown that the *forum non conveniens* factors weigh so overwhelmingly in their favor that dismissal of the Delaware litigation is required to avoid undue hardship and inconvenience to them.").