S06A1846. EKELEDO et al. v. AMPORFUL et al.
(642 SE2d 20)

MELTON, Justice.

In 1996, Dr. Sam G. Amporful, M.D., and his wife, Sabina B. Amporful, purchased an office building in Macon, Georgia, and Dr. Amporful conducted his medical practice there. On June 16, 2003, as

a result of certain financial difficulties, the Amporfuls entered into a sales contract with their friend Dr. Brown N. Ekeledo, Jr., for the purchase of the office building.[1] The contract contained a merger or "entire agreement" clause stating: "This contract constitutes the sole and entire agreement between the parties and no modifications of this contract shall be binding unless attached hereto and signed by all parties to this agreement." On or about June 17, 2003, the sales transaction was closed, and the property was transferred to Ekeledo.[2]

The Amporfuls contend that, although the sales contract and associated documents set forth a standard sale of real estate, the documents do not truly represent the transaction intended by the parties. To the contrary, the Amporfuls maintain that, as a friendly gesture, Ekeledo agreed to loan $525,000 to the Amporfuls, and the Amporfuls, in turn, agreed to temporarily convey the office building to Ekeledo until the loan was repaid. The Amporfuls further contend that the transaction was completed with the oral agreement that Ekeledo would not hold legal and equitable title to the property and that the Amporfuls could retake the property at any time by paying off the loan.

In accordance with their understanding that they remained the owners of the property, the Amporfuls placed it on the market following the sale to Ekeledo. A buyer for the property was found, and the Amporfuls entered into a sales agreement on May 28, 2004. The Amporfuls then informed Ekeledo about the pending sale. Ekeledo objected, however, and, relying on the sales contract and closing documents, he asserted full ownership of the property.

As a result of this disagreement, the Amporfuls brought suit against Ekeledo, alleging, among other things, fraud in the inducement and the breach of a fiduciary duty arising out of a partnership by estoppel. The Amporfuls also requested that an implied or constructive trust be imposed upon the property in their favor and that they be awarded attorney fees. A jury trial ensued, and, prior to sending the case to the jury, the trial court directed a verdict in favor of Ekeledo on all of the Amporfuls' claims other than those related to the imposition of a constructive trust and attorney fees. Thereafter, the jury found that Ekeledo held the property in constructive trust in favor of the Amporfuls and that Ekeledo would have to pay attorney fees. Ekeledo now appeals, arguing that, because the Amporfuls elected to affirm the contract rather than rescind it, they are estopped

---

[1] Ekeledo's limited liability company was also a party to the contract.

[2] On the same date, the parties entered into a lease agreement whereby Ekeledo agreed to lease the property to the Amporfuls for $4,500 per month. The lease also gave the Amporfuls an option to repurchase the property; however, it is undisputed that the option was not legally enforceable as drafted.

from seeking redress based on any alleged oral misrepresentations made to them by Ekeledo.

1. "In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." (Citations omitted.) *Ainsworth v. Perreault*, 254 Ga. App. 470, 471 (1) (563 SE2d 135) (2002). It is undisputed that, in this case, the Amporfuls chose not to pursue any claim for rescission and chose, instead, to affirm the contract and sue for damages. Id. Furthermore, "where the allegedly defrauded party affirms a contract which contains a merger or disclaimer provision and retains the benefits, he is estopped from asserting that he relied upon the other party's misrepresentation and his action for fraud must fail." (Citation and punctuation omitted.) *Authentic Architectural Millworks v. SCM Group USA*, 262 Ga. App. 826, 828 (2) (586 SE2d 726) (2003). In essence, a merger clause operates as a disclaimer of all representations not made on the face of the contract.

In this case, the Amporfuls sought the imposition of a constructive trust[3] based on fraud arising from alleged oral misrepresentations made by Ekeledo. By affirming the contract and its merger clause, however, the Amporfuls effectively disclaimed all of these oral misrepresentations, and, as a result, they have no remaining evidence on which to support their claim of a constructive trust based on fraud. Furthermore, when a party seeks the imposition of a constructive trust, "[t]he person claiming the beneficial interest in the property may be found to have waived the right to a constructive trust by subsequent ratification or long acquiescence." OCGA § 53-12-93 (b). By acting to affirm the contract and its merger clause and thereby legally agreeing that the contract contained the entirety of their agreement with Ekeledo, the Amporfuls, in essence, subsequently ratified the transfer of the property to Ekeledo under the facts of this case. The Amporfuls cannot, in one breath, agree to the legal ramifications of the merger clause and, in the other breath, circumvent these legal ramifications and resurrect any oral representations made by Ekeledo through use of a constructive trust. To hold otherwise would gravely undermine the efficacy of merger clauses and the longstanding and well-settled law of contract interpretation.

Accordingly, the Amporfuls were not entitled to a constructive trust under the facts of this case, and the jury's concomitant award of attorney fees must also be reversed.

---

[3] A constructive trust may be "implied whenever the circumstances are such that the person holding legal title to the property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-93 (a).

2. Because the Amporfuls' affirmation of the contract and its merger clause proves dispositive of this case, we need not consider Ekeledo's remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 5, 2007 —
RECONSIDERATION DENIED MARCH 27, 2007.

*Lane & Jarriel, Walter J. Lane, Jr.,* for appellants.
*Hall, Bloch, Garland & Meyer, John E. Hall IV, John F. Kennedy,* for appellees.