# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: August 22, 2023
Decided: November 17, 2023

Timothy S. Martin, Esquire
WHITE AND WILLIAMS LLP
600 N. King Street, Suite 800
Wilmington, Delaware 19801

Siobhan K. Cole, Esquire (*argued*)
WHITE AND WILLIAMS LLP
1650 Market Street, Suite 1800
Philadelphia, Pennsylvania 19103

Thomas A. Uebler, Esquire
Kathleen A. Murphy, Esquire
Terisa A. Shoremount, Esquire
MCCOLLOM D'EMILIO SMITH UEBLER LLC
2751 Centerville Road, Suite 401
Wilmington, Delaware 19808

Jeffrey D. Horst, Esquire
Joyce Gist Lewis, Esquire (*argued*)
Barclay H. Vallotton, Esquire
KREVOLIN & HORST, LLC
1201 West Peachtree Street NW, Suite 3250
Atlanta, Georgia 30309

RE: *Everphone, Inc. v. Go Technology Management, LLC*
C.A. No. N23C-03-022 PRW CCLD
Defendant's Motion to Dismiss

Dear Counsel:

This Letter Opinion and Order[1] resolves Go Technology Management, LLC's pending Motion to Dismiss the Complaint. For the reasons explained below, the motion is **DENIED** as to two claims and **GRANTED** on the rest.

---

[1] The Court delivers this decision mindful that the parties' full understanding of and familiarity with the factual background, the operative agreements mentioned, and the arguments each makes on the instant motion obviates a need for a fuller recounting of such in this writing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. THE PARTIES AND THEIR CONTRACTS

As stated in the Complaint, "[i]n December 2021 Go Technology approached Everphone through an information technology service provider, EBF, Inc., for the purpose of sourcing and purchasing tablets that Go Technology would provide to end users."[2] From there, Everphone identified a tablet manufacturer and product for Go Technology's use.[3]

The parties subsequently entered into two agreements. The first—entered between Everphone and EBF, for the benefit of Go Technology—was the "Rental Agreement"[4] that specified the price and quantity of the tablets Everphone was

---

[2] Compl. ¶ 6 (D.I. 1).

[3] *Id.* ¶¶ 9-11.

[4] *Id.* ¶ 16; Compl., Ex. A ("Rental Agreement"); Rental Agreement, Ex. A (Terms and Conditions) § 1.1:

> Rental and Support. Pursuant to the terms of this Agreement and the Proposal, everphone will: (i) rent to Customer the smartphones, tablets, or other computing devices described more fully in one or more Proposals (each, a "Device", and collectively, the "Devices") for use by GoTechnology Management, LLC ("Go Technology") and GoTechnology's customers (collectively "End Users"); and (b) provide the limited repair and replacement services set forth in this Agreement (the "Service") to enable Customer to provide support and management for the Devices to End Users. For the avoidance of doubt, Customer shall be solely responsible for supporting End Users.

(errors in original).

providing.[5]  The second—entered into between Everphone and Go Technology—

was the "Guaranty."[6]  According to Everphone, that Guaranty was "a material

inducement" used to coax its acceptance of the Rental Agreement.[7]

Under the Rental Agreement, Everphone began shipping tablets to

Go Technology.[8]  Approximately three months into that agreement, Go Technology

reported experiencing technical issues with the tablets.[9]  Everphone says it made

---

[5]  Rental Agreement at 2.

[6]  Compl. ¶¶ 24-25; Compl., Ex. B ("Guaranty"); *id.* § 1:

> Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Everphone the full and prompt payment when due of the rent and any other sum of money due under the Rental Agreement, including but not limited to any indemnification obligations thereunder, together with all costs of collection and reasonable attorneys' fees that may be incurred by everphone in connection with the enforcement of this Guaranty (collectively, the "Obligations").

> Guarantor acknowledges and agrees that this Guaranty Agreement ("Guaranty") is a guaranty of payment and not of collection and upon any default by EBF under the Rental Agreement, which includes, but is not limited to, EBF's failure to remit monies that may have been provided by Guarantor to EBF pursuant to a separate agreement related to Guarantor's use of the mobile devices under the Rental Agreement.

(errors in original).

[7]  Compl. ¶¶ 24-25.  The Rental Agreement was "contingent on a guaranty from Go Technology Management, LLC of EBF Inc.'s obligations pursuant to this Agreement."  Rental Agreement at 4.

[8]  Compl. ¶¶ 32-45.

[9]  *Id.* ¶ 46 ("On May 9, 2022, Go Technology emailed EBF regarding an issue that Go Technology was experiencing with its network subscription through AT&T and its inability to connect some of the devices Go Technology received from Everphone to AT&T's network.").

efforts to correct those alleged issues.[10]  But in June 2022, Go Technology declared the Rental Agreement "cancelled"[11] and sent back some of the tablets.[12]  Everphone insists those tablets were all working properly.[13]

Following Go Technology's declaration, Everphone demanded payment from Go Technology and EBF for outstanding invoices and other fees due and owing under the Rental Agreement and Guaranty.[14]  Go Technology and EBF refused to pay.[15]  Accordingly, Everphone brought suit here.

### B. THIS SUIT

Everphone's Complaint has five claims: Breach of the Guaranty (Count I),[16]

---

[10]   *Id.* ¶¶ 47-52.

[11]   *Id.* ¶ 53 ("Instead, on or about June 10, 2022, Go Technology unilaterally declared, without any right or authority to do so, that the Agreement between EBF and Everphone was cancelled.").

[12]   *Id.* ¶¶ 55-56 ("Go Technology's purported return of the devices was done unilaterally and without contractual authority pursuant to the Agreement and Guaranty, which provide only the right to receive the replacement of any devices that fail to operate in accordance with the manufacturer's specifications and operating instructions.").

[13]   *Id.* ¶¶ 56-57 ("None of the devices Go Technology sent to Everphone on June 14, 2022, and July 7, 2022 failed to operate in accordance with the manufacturer's specifications and operating instructions, nor did EBF or Go Technology ever claim such failure.").

[14]   *Id.* ¶ 63 ("As a result, on January 12 2023, Everphone demanded payment from EBF and Go Technology pursuant to the terms of the Agreement and Guaranty for all amounts due and owing under the Agreement between EBF and Everphone, and reserved all rights with respect to the total losses Everphone incurred arising out of the Agreement.") (errors in original).

[15]   *Id.* ¶¶ 69-70 ("EBF and Go Technology failed and refused to respond to Everphone's January 12, 2023, demand.").

[16]   *Id.* ¶¶ 71-79.

Fraud (Count II),[17] Tortious Interference with the Rental Agreement (Count III),[18] Promissory Estoppel (Count IV),[19] and Unjust Enrichment (Count V).[20] Everphone's allegations can be summarized as follows: (1) Go Technology wrongfully cancelled the Rental Agreement;[21] (2) Go Technology wrongfully sent back working devices;[22] and (3) Go Technology refused to pay outstanding invoices due and other fees and costs.[23]

Rather than answer the Complaint, Go Technology has moved to dismiss all five of Everphone's claims.

First, Go Technology contends that the Complaint should be dismissed because "the Guaranty contains a Georgia choice of law provision"; or, in the alternative, that dismissal is warranted under the doctrine of *forum non conveniens* in favor of Georgia.[24]

Second, Go Technology says Counts II through V should be dismissed

---

[17]   *Id.* ¶¶ 80-93.

[18]   *Id.* ¶¶ 94-102.

[19]   *Id.* ¶¶ 103-10.

[20]   *Id.* ¶¶ 111-20.

[21]   *Id.* ¶ 53.

[22]   *Id.* ¶¶ 54-55.

[23]   *Id.* ¶¶ 64, 68-70.

[24]   Def.'s Open. Br. at 6-8 (D.I. 5).

because the entirety of the parties' relationship is governed by contract, so Everphone's separate tort claims are barred.[25]

Last, Go Technology asserts that: (1) Everphone's fraud claim (Count II) is not pled with particularity and the presence of a merger provision bars it;[26] (2) its tortious interference claim (Count III) fails "because [Everphone] does not allege Go Technology acted with malice and intent to injure [Everphone] and Go Technology is not a stranger to the rental agreement between EBF and [Everphone];"[27] and, (3) the unjust enrichment (Count V[28]) is doomed because there is a valid contract.[29]

---

[25]  *Id.* at 9-10 (invoking, among other things, the economic loss rule).

[26]  *Id.* at 12-16.

[27]  *Id.* at 16-19.

[28]  Go Technology erroneously names Count IV as the unjust enrichment claim. *Id.* at 19.  But it is Count V that alleges unjust enrichment, while Count IV avers that relief is due by application of promissory estoppel.  Compl. ¶¶ 111-20 (identifying unjust enrichment as Everphone's fifth cause of action); *id.* at 103-10 (identifying promissory estoppel as Everphone's fourth cause of action).  Notwithstanding this misnomination (and failure to more expressly call out the promissory estoppel theory), it is clear from Go Technology's papers and argument that it seeks dismissal of both on the same bases. *See, e.g.,* Def.'s Open. Br. at 9-11.

[29]  Def.'s Open. Br. at 19.

## II. APPLICABLE LEGAL STANDARDS

### A. DISMISSAL FOR IMPROPER VENUE

This Court's Civil Rule 12(b)(3) governs a motion to dismiss for improper venue.[30]  A reviewing court "must assume as true all the facts pled in the complaint and view those facts and all reasonable inferences drawn from them in the light most favorable to the plaintiff."[31]  The Court "is not shackled to the plaintiff's complaint and is permitted to consider extrinsic evidence from the outset."[32]  A dismissal motion may be granted "before the commencement of discovery on the basis of affidavits and documentary evidence if the plaintiff cannot make out a *prima facie* case in support of its position."[33]

When considering such a motion, the Court must "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[34]  And "[i]f a forum selection clause validly limits a plaintiff to a single forum, that clause operates to divest a court that

---

[30]  Del. Super. Ct. Civ. R. 12(b)(3).

[31]  *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at \*2 (Del. Super. Ct. Mar. 31, 2009) (citation omitted).

[32]  *Id.* (citation omitted).

[33]  *Id.* (citation omitted).

[34]  *Id.* at \*3 (citation omitted).

otherwise has jurisdiction of its status as a proper venue for the plaintiff to sue."[35]

## B. DISMISSAL FOR FAILURE TO STATE A CLAIM

"Under Superior Court Civil Rule 12(b)(6), the legal issue to be decided is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[36] Under that rule, the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[37]

"If any reasonable conception can be formulated to allow Plaintiffs' recovery, the motion must be denied."[38] Put simply, "[d]ismissal is warranted [only] where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[39]

---

[35] *Simon v. Navellier Series Fund,* 2000 WL 1597890, at *6 (Del. Ch. Oct. 19, 2000).

[36] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. Ct. 2018) (quoting Super. Ct. Civ. R. 12(b)(6)).

[37] *Id.* (quoting *Central Mortgage Co. v. Morgan Stanley Mortgage Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)).

[38] *Id.* (citing *Central Mortgage*, 27 A.3d at 535).

[39] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Ct. Aug. 20, 2004).

As just mentioned, ordinarily at the motion to dismiss stage the Court must accept as true all of a plaintiff's well-pleaded facts and draw all reasonable inferences in her favor.[40] "But on a motion to dismiss an action for *forum non conveniens*, this Court exercises its sound discretion when making findings of fact and drawing conclusions therefrom based on that supported by the record; the Court must, when doing so, use an orderly and logical deductive process."[41]

## C. FRAUD CLAIMS

This Court's Civil Rule 9(b) requires a plaintiff to plead fraud with particularity.[42] And to state a claim for fraud, a plaintiff must allege that:

> (1) the defendant falsely represented or omitted facts that the defendant had a duty to disclose; (2) the defendant knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the defendant intended to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff was injured by its reliance.[43]

---

[40] *GXP Capital, LLC v. Argonaut Mfg. Servs., Inc.*, 234 A.3d 1186, 1192-93 (Del. Super. Ct. 2020), *aff'd*, 253 A.3d 93 (Del. 2021) (listing cases).

[41] *Id.* at 1193 (citing *Williams Gas Supply Co. v. Apache Corp.*, 594 A.2d 34, 37 (Del. 1991)).

[42] *Yu v. GSM Nation, LLC*, 2018 WL 2272798, at *19 (Del. Super Ct. Apr. 24, 2018) ("Although Delaware is a notice pleading jurisdiction, Superior Court Civil Rule 9(b) requires a plaintiff to plead actual fraud with particularity. 'Rule 9(b) does not require an exhaustive cataloguing of facts but on sufficient factual specificity to provide assurance that the plaintiff has investigated [...] the alleged fraud and reasonably believes that a wrong has occurred.'") (internal citations omitted).

[43] *DCV Hldgs., Inc. v. ConAgra, Inc.*, 889 A.2d 954, 958 (Del. 2005).

## III. DISCUSSION

### A. THE GUARANTY'S PERMISSIVE FORUM SELECTION CLAUSE DOESN'T REQUIRE THAT THIS ACTION BE BROUGHT IN GEORGIA.

Pointing to the Guaranty's Paragraph 18, Go Technology insists that "the Guaranty contains a Georgia forum selection clause" that prohibits suit here.[44] That paragraph, titled "**Consent to Jurisdiction; Service of Process**" states:

> Guarantor agrees and consents to the jurisdiction and venue of any state, superior or federal court sitting in or having jurisdiction over the Dekalb County, Georgia or Cobb County, Georgia with respect to any legal action, proceeding, or dispute between them and hereby expressly waives any and all rights under applicable law or in equity to object to the jurisdiction and venue of said courts. Guarantor further irrevocably consents to service of process by certified mail, return receipt requested, to the address of the Guarantor identified below or by any other means permitted by Georgia law or the Federal Rules of Civil Procedure. Guarantor so served shall appear or answer to any summons and complaint or other process and should Guarantor so served fail to appear or answer within the time period proscribed by the law of the jurisdiction where such action was commenced, said Guarantor shall be deemed in default and judgment may be entered by Everphone against the said party for the amount as demanded in any summons and complaint or other process so served.[45]

Go Technology acknowledges that the provision is not mandatory but insists

---

[44] Def.'s Open. Br. at 6-7.

[45] Guaranty ¶ 18.

the Court should enforce it as though it were.[46]  As support, Go Technology turns to *In re Bay Hills Emerging Partners, I, L.P.*[47], saying there the Court of Chancery "enforce[d] the permissive forum selection clause at issue by staying the Delaware action in favor" of another forum.[48]  But Go Technology's ignores the *Bay Hills* court's explicit rejection of those defendants' attempt to "specifically enforce" what it found to be only a permissive forum selection clause—the court instead stayed that action in the interest of comity and judicial efficiency.[49]

Unlike a mandatory forum selection clause—which deems a certain forum exclusive—a permissive forum selection clause expands jurisdiction to a certain forum that may or may not have had jurisdiction without the contractual provision.[50] Go Technology's attempt to use the Guaranty's permissive forum selection clause to bind Everphone to Georgia fails.

### B. DISMISSAL FOR *FORUM NON CONVENIENS* ISN'T WARRANTED.

Even if suit in Georgia is not required, Go Technology suggests Everphone's complaint should be dismissed under the doctrine of *forum non conveniens* in favor

---

[46]  Def. Repl. Br. at 3 (D.I. 14).

[47]  2018 WL 3217650 (Del. Ch. July 2, 2018).

[48]  Def. Repl. Br. at 3.

[49]  *In re Bay Hills Emerging P'rs, I*, 2018 WL 3217650, at *6-7.

[50]  *Id.* at *5.

of Georgia.[51]  Unsurprisingly, Everphone disagrees.[52]

A motion raising *forum non conveniens* is a request that the Court, though possessing both personal and subject matter jurisdiction over an action, nevertheless decline to hear it.[53] In analyzing a motion to dismiss an action for *forum non conveniens*, the Court applies the well-known *Cryo-Maid* factors:

> (1) the relative ease of access to proof; (2) the availability of compulsory process for witnesses; (3) the possibility of the view of the premises, if appropriate; (4) all other practical problems that would make the trial of the case easy, expeditious and inexpensive; (5) whether or not the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction; and (6) the pendency or nonpendency of a similar action in another jurisdiction.[54]

Because this is the first-filed and only action, Go Technology must demonstrate overwhelming hardship to gain dismissal here.[55]

Under the first factor (the relative ease of access to proof) and second factor (availability of compulsory process for witnesses), Go Technology says that because

---

[51]  Def.'s Open. Br. at 7-8.

[52]  Pltf.'s Ans. Br. at 11 (D.I. 12).

[53]  *GXP Capital*, 234 A.3d at 1193.

[54]  *Gramercy Emerging Mkts. Fund v. Allied Irish Banks, P.L.C.*, 173 A.3d 1033, 1036-37 (Del. 2017) (cleaned up) (outlining the now well-accepted factors derived from *General Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681 (Del. 1964) and its progeny).

[55]  *Sperling & Slater v. SilkRoad, Inc.*, 2022 WL 16910563, at *4 (Del. Super. Ct. Nov. 14, 2022).

its principal place of business is Georgia, "Everphone's principal place of business is next door to Georgia, in Florida," and "[t]he underlying transaction had no connection to Delaware" that the first two *Cryo-Maid* factors favor Georgia.[56] Everphone counters that because "[d]ocuments were exchanged electronically and by mail and the necessary proof in this case can be transmitted the same way," the first factor weighs equally in favor of Delaware.[57] Additionally, Everphone suggests that while some witnesses are presumably in Georgia, others are located across the country, so the compulsory process factor does not favor dismissal here.[58]

Go Technology says that nothing related to this case happened in Delaware.[59] Maybe so. But that's not the test and is hardly unusual in a commercial lawsuit brought in a Delaware court. To gain any traction on the road toward dismissal, Go Technology must "make a particularized showing that witnesses, documents, or other evidence necessary to defend the allegations contained in [Everphone]'s complaint cannot be brought to or otherwise produced in Delaware."[60] Go

---

[56] Def.'s Open. Br. at 8.

[57] Pltf.'s Ans. Br. at 14.

[58] *Id.* ("While Go Technology's witnesses are likely in Georgia, Everphone's are in Florida and elsewhere, and third-party witnesses (i.e., EBF, Hyundai, and AT&T) are in any number of other states.").

[59] *See* Def. Open. Br. at 8-9.

[60] *Mar-Land Indus. Contrs., Inc. v. Caribbean Petro. Refining, L.P.*, 777 A.2d 774, 781 (Del. 2001)

Technology hasn't done that.

Relatedly, under the compulsory process factor, Go Technology must show that "another forum would provide a substantial improvement as to the number of witnesses who would be subject to compulsory process."[61] While many witnesses may be located outside of Delaware, they appear equally to be located without Georgia. Go Technology's protestation that Georgia is closer to Everphone's principal place of business (Florida) is of no help; this particular factor focuses on compulsory process (or lack thereof), not relative ease of travel.

In sum, the Go Technology has failed to carry its burden on the first and second factors.[62]

Both parties seem to concede that the third *Cryo-Maid* factor (view of the premises) plays no part here.[63]

Under the fourth factor (practical problems), the Court looks at "practical problems that would make the trial of the case easy, expeditious and inexpensive."[64]

---

[61] *Mt. Hawley Ins. Co. v. Jenny Craig, Inc.*, 668 A.2d 763, 769 (Del. Super. Ct. 1995) (citation omitted).

[62] *See Mar-Land Indus. Contrs., Inc.*, 777 A.2d at 778 ("A plaintiff seeking to litigate in Delaware is afforded the presumption that its choice of forum is proper and a defendant who attempts to obtain dismissal based on grounds of *forum non conveniens* bears a heavy burden." (citations omitted)).

[63] Def. Open. Br. at 9; *see* Pltf.'s Ans. Br. at 11-16 (omitting any reference to factor three).

[64] *Gramercy*, 173 A.3d at 1036-37 (citation and quotation marks omitted).

Neither party devotes much time to this consideration. Go Technology argues simply that the "practical problems" factor weighs in its favor because "Georgia is an alternative available forum."[65]

There is little to no weight to be ascribed to this factor in this instance. Like expenses will be incurred by the parties wherever the litigation takes place—Everphone is based in Florida; Go Technology is based in Georgia; and potential witnesses are located across the country.

The fifth factor centers on "whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction."[66] In *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, our Supreme Court explained:

> If, as our jurisprudence holds, significant weight should be accorded the neutral principle that important and novel issues of Delaware law are best decided by Delaware courts, then it logically follows that our courts must acknowledge that important and novel issues of other sovereigns are best determined by their courts where practicable.[67]

Go Technology says the fifth factor weighs in its favor because "Georgia law

---

[65] Def. Open. Br. at 9.

[66] *Martinez v. E.I. DuPont de Nemours and Co., Inc.*, 86 A.3d 1102, 1109 (Del. 2014) (citing *Cryo-Maid*, 198 A.2d at 684).

[67] *Id.* at 1109-10 (internal citations omitted).

will be applied."[68]  Everphone says the fifth factor weighs in its favor because Delaware law applies to four of its five claims, but even if it didn't, this Court can easily apply Georgia law to resolve this contract fight.[69]

Neither party disputes that, at the very least, the breach-of-contract claim (Count I) must be decided under Georgia law.  Even assuming Georgia law applies to the others, there is no serious suggestion that some "important or novel" issue of that state's law is to be resolved here.  Every day, Delaware's business courts apply foreign jurisdictions' laws in commercial cases.  Such a run-of-the-mill exercise does not compel, or even favor, dismissal.[70]

Under the sixth factor the Court considers whether there are pending actions in another jurisdiction.  "The absence of another pending litigation weighs significantly against granting a *forum non conveniens* motion."[71]  This factor, while not dispositive, is significant and is only overcome "in the most compelling circumstances."[72]  Without another suit pending in another jurisdiction, Everphone

---

[68]  Mot. to Dismiss at 9.

[69]  Answering Br. at 13.

[70]  *See Berger v. Intelident Solutions, Inc.*, 906 A.2d 134, 137 (Del. 2006) (finding application of foreign law alone insufficient to dismiss an action under *forum non conveniens*).

[71]  *Id.* (citing cases).

[72]  *Id.*

would essentially be forced "to start anew" if a dismissal were granted.[73]

Given the above and the overwhelming hardship standard required to gain dismissal of a first-filed Delaware action over which this Court undoubtedly has jurisdiction, Go Technology comes nowhere near carrying its required burden.[74] The prayer to dismiss for *forum non conveniens* must be denied.

## C. THE COURT EVALUATES COUNTS II—V UNDER BOTH DELAWARE AND GEORGIA LAW.

Go Technology posits that because the Guaranty contains a Georgia choice-of-law clause[75] that Everphone's tort claims should be governed by Georgia law.[76] Everphone says that Delaware law should apply because the tort claims concern the Rental Agreement and that has a Delaware choice-of-law provision.[77] But neither party engaged a particularly helpful or thorough choice-of-law analysis, so the Court

---

[73] *Parvin v. Kaufmann*, 236 A.2d 425, 427 (Del. 1967).

[74] *In re CVS Opioid Insurance Litigation*, 2022 WL 3330427, at *7 (Del. Supr. Ct. Aug. 12, 2022) ("The Court's focus is, and must be, *vel non* the defendants have established that they will suffer overwhelming hardship by litigating . . . in Delaware.") (quoting *In re Asbestos Litig.*, 929 A.2d 373, 388 (Del. Super. Ct. 2006)).

[75] Guaranty § 14 ("This Guaranty shall be deemed to be a contract entered into pursuant to the laws of the State of Georgia and shall in all respects be governed, construed, applied and enforced in accordance with applicable federal law and the laws of the State of Georgia, without giving effect to any conflict of laws principles.").

[76] Def.'s Open. Br. at 6; In its Reply Brief, Go Technology says that "[e]ven under Delaware law . . . [Everphone]'s Counts II – V fail." Def. Repl. Br. at 7-8.

[77] Pltf.'s Ans. Br. at 7-8; *id.* at 21 ("Counts II-V relate to the Agreement between Everphone and EBF, which contains a Delaware choice of law clause.").

examines Counts II through V under both of Delaware or Georgia law because each of those claims, as pled, may indeed be focused on a different instrument.[78]

### D. EVERPHONE'S FRAUD CLAIM (COUNT II) SURVIVES DISMISSAL.

In Count II, Everphone charges that Go Technology committed fraud by making false representations to Everphone to induce it to enter into the Rental Agreement, including among other things, "Go Technology's intention to guaranty payments owed to Everphone under the [Rental] Agreement"[79]

Go Technology insists the fraud claim should be dismissed because "the parties' relationship is governed by a contract" (*i.e.*, the Guaranty) and so that claim is "barred by the economic loss rule."[80] Go Technology submits also that Everphone fails to plead its fraud claim with sufficient particularity and that the presence of a merger provision in the Guaranty bars that claim.[81] Go Technology's focus on just the Guaranty and Georgia law is purposeful[82]—but misdirected.

---

[78] *See generally Laugelle v. Bell Helicopter Textron, Inc.*, 2013 WL 5460164, at *3 (Del. Super. Ct. Oct. 1, 2013) (noting that "[c]hoice-of-law determinations must be made as to each issue when presented, not to the case as a whole.").

[79] Compl. ¶ 86.

[80] Def.'s Open. Br. at 9-10.

[81] *Id.* at 12-16.

[82] Under Georgia law, one alleging fraudulent inducement can either: "(1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." *Ekeledo v. Amporful*, 642 S.E.2d 20, 22 (Ga. 2007) (citation omitted). Where a Georgia plaintiff omits a recessionary claim and instead "affirms a contract which contains a merger or

To plead fraud under this Court's Civil Rule 9(b), one must state with some particularity[83] "the time, place, and contents of the false representations; the facts misrepresented; the identity of the person(s) making the misrepresentation; and what that person(s) gained from making the misrepresentation."[84] And, as a general matter, the elements of a fraud claim are:

(1) a false representation, usually one of fact, made by the defendant;

(2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth;

---

disclaimer provision and retains the benefits, he is estopped from asserting that he relied upon the other party's misrepresentation and his action for fraud must fail." *Id.* (citation omitted).

Here, the Guaranty has a merger clause. Guaranty ¶ 12 ("All prior agreements, understandings, representations and communications between the parties, whether oral or written, with respect to this Guaranty are merged into this Guaranty which alone and completely expresses the agreement of Guarantor and Everphone."). And Everphone has not sought rescission but sued to enforce the Guaranty. So, if the fraud claim must indeed focus only on the existence of the Guaranty and—more importantly—mere non-performance thereunder, Everphone's fraud claim might be in peril were Georgia law to be applied here.

[83] Del. Super. Ct. Civ. R. 9(b) ("*Pleading special matters-Fraud, negligence, mistake, condition of mind*—"In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity."). *See Chaplake Hldgs., LTD v. Chrysler Corp.*, 766 A.2d 1, 5 (Del. 2001) ("As a general rule, the law of the forum governs procedural matters."); *Monsanto Co. v. Aetna Cas. and Sur. Co.*, 1994 WL 317557, at *4 (Del. Super. Ct. Apr. 15, 1994) ("The only exception to this [general rule] occurs when the procedural law of the foreign state is 'so inseparably interwoven with substantive rights as to render a modification of the foregoing rule necessary, lest a party be thereby deprived of his legal rights.'") (quoting *Connell v. Delaware Aircraft Ind.*, 55 A.2d 637, 640 (Del. Super. Ct. 1947).

[84] *Avve, Inc. v. Upstack Techs., Inc.*, 2019 WL 1643752, at *5 (Del. Super. Ct. Apr. 12, 2019) (observing that Rule 9(b) "deviates from the [short and plain statement ('notice pleading')] rule and imposes a heightened pleading standard for fraud").

(3) an intent to induce the plaintiff to act or to refrain from acting;

(4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and

(5) damage to the plaintiff as a result of such reliance.[85]

When distinguishing fraud and breach-of-contract claims, one generally looks to the timing of the alleged misconduct to determine whether the inducement to deal is truly separate and distinct from mere non-performance allegations.[86] Here, because of the false representations or fraud alleged happened pre the Rental Agreement's signing,[87] it is reasonably conceivable that Go Technology's acts of inducement were calculated to obtain that signing.[88] And Everphone's fraud claim is not lacking in the needed particulars.[89] Considering the fraud count as a whole, it no doubt alleges "the circumstances of the fraud with detail sufficient to apprise [Go Technology] of the basis for the claim."[90] Accordingly Everphone's fraud claim—

---

[85] *E.I. DuPont de Nemours & Co. v. Fla. Evergreen Foliage*, 744 A.2d 457, 461-62 (Del. 1999).

[86] *See Pilot Air Freight, LLC v. Manna Freight Sys., Inc.*, 2020 WL 5588671, at *26 (Del. Ch. Sept. 18, 2020) (observing that such separate fraudulent inducement claims are permissible "when the [pled] conduct occurs prior to the execution of the contract and 'thus with the goal of inducing the plaintiff's signature and willingness to close on the bargain.'" (quoting *In re Bracket Holding Corp. Litig.*, 2017 WL 3283169, at *18-19 (Del. Super. Ct. July 31, 2017))).

[87] Compl. ¶¶ 81-87, 89.

[88] *See Pilot Air*, 2020 WL 5588671, at *26; *In re Bracket Holding*, 2017 WL 3283169, at *18-19.

[89] Compl. ¶¶ 81-87, 89.

[90] *ABRY P'rs V, L.P. v. F&W Acq. LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006).

*i.e.* that it was induced to enter the Rental Agreement not only by the Guaranty but by other misrepresentations by Go Technology meant to convince Everphone to sign–Count II survives this pleading-stage attack under Delaware law.

### E. EVERPHONE FAILS TO SUFFICIENTLY PLEAD TORTIOUS INTERFERENCE WITH THE RENTAL AGREEMENT (COUNT III).

In Count III Everphone alleges Go Technology tortiously interfered with its Rental Agreement with EBF by "declar[ing], unilaterally and without authority, that neither Go Technology nor EBF would perform their obligations under the Agreement and the Guaranty."[91]

Go Technology says Count III fails "because [Everphone] does not allege Go Technology acted with malice and intent to injure [Everphone] and Go Technology is not a stranger to the rental agreement between EBF and [Everphone]."[92]

Everphone never alleges bad faith or malice related to the alleged tortious interference (even generally) in its Complaint. The closest Everphone comes is labeling Go Technology's interference as "unauthorized and unlawful."[93] But that's not enough. So, Everphone has failed to satisfy a pleading element required under

---

[91] Compl. ¶ 95.

[92] *Id.* at 16.

[93] Compl. ¶ 100.

both Delaware[94] and Georgia[95] law in its tortious interference with a contractual relationship claim and Count III must be dismissed.

### F. EVERPHONE'S PROMISSORY ESTOPPEL CLAIM IS BARRED UNDER GEORGIA AND DELAWARE LAW (COUNT IV).

As to Count IV (promissory estoppel), it again appears Go Technology would suggest dismissal is warranted because "Everphone's purported tort claims arise from the parties' contract and are barred by the economic loss rule."[96]

Everphone says its "promissory estoppel claim is an equitable claim based on Go Technology's promise to pay for all amounts owed to Everphone under the Agreement with EBF, which include the losses Everphone suffered, and extend far beyond the amounts invoiced for 5,465 devices under the Guaranty."[97] In

---

[94] *Skye Mineral Investors, LLC v. DXS Capital (U.S.) Limited* explains that when "the alleged interference comes from individuals or entities that share common 'economic interests' with a party to the contract, plaintiffs must 'demonstrate that an interference by an affiliated entity was motivated by some malicious or other bad faith purpose.'" 2020 WL 881544, at *33 (Del. Ch. Feb. 24, 2020) (quoting *AM Gen. Hldgs. LLC v. Renco Gp., Inc.*, 2013 WL 5863010, at *12 (Del. Ch. Oct. 31, 2013)). From the facts alleged, Go Technology surely shares a common economic interest with Everphone and EBF. And thus, there must be an allegation and showing of malice or bad faith. *See Bhole, Inc. v. Shore Investments, Inc.*, 67 A.3d 444, 453 (Del. 2013) ("Thus, to establish a tortious interference with its Lease, [the interfered-with party] must show that [the interferer], acted maliciously or in bad faith.").

[95] *Tidikis v. Network for Medical Commc'ns & Research, LLC*, 619 S.E.2d 481, 486 (Ga. Ct. App. 2005) (under Georgia law, malice is a required element for tortious interference with a contract).

[96] Def.'s Open. Br. at 2.

[97] Pltf.'s Ans. Br. at 19.

Everphone's view, its "promissory estoppel claim seeks equitable relief based on promises Go Technology made to Everphone regarding the number of devices that would be purchased from Everphone and that Everphone would receive full payment for its services."[98] Accordingly, it says the "promises [made] were broader than the promises set forth in the Guaranty as are Everphone's damages."[99]

In *Alltrista Plastics, LLC v. Rockline Industries*,[100] this Court cautioned that promissory estoppel "appl[ies] only if the contract governs other aspects of the parties' relationship and not when the relied-upon promises were incorporated into the contract."[101] In turn, "courts must be careful that they do not apply the doctrine of promissory estoppel when there is an existing contract that governs the issue before the Court."[102] This is also true under Georgia law.[103]

Here, the Rental Agreement requires EBF to purchase a minimum of

---

[98] *Id.* at 21-22.

[99] *Id.*

[100] 2013 WL 5210255 (Del. Super. Ct. Sept. 4, 2013).

[101] *Id.* at *9 (citation omitted).

[102] *Id.* (citations omitted).

[103] *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1326 (11th Cir. 2005) (finding that under Georgia law, "where a plaintiff seeks to enforce an underlying contract which is reduced to writing, promissory estoppel is not available as a remedy" (citing *Bank of Dade v. Reeves*, 354 S.E.2d 131 (Ga. 1987)).

60,000 devices,[104] for "an initial deposit of $39.99 per Device monthly" along with other fees and costs.[105] And the Guaranty provides that: "Guarantor hereby irrevocably, absolutely and unconditionally guarantees to Everphone the full and prompt payment when due of the rent and any other sum of money due under the Rental Agreement . . . ."[106] So Everphone's promissory estoppel claim is governed by the Guaranty (and the Rental Agreement). Accordingly, Count IV fails as some separate standalone claim.

### G. EVERPHONE'S UNJUST ENRICHMENT CLAIM IS BARRED UNDER GEORGIA AND DELAWARE LAW (COUNT V).

On unjust enrichment (Count V), Go Technology repeats: it should be dismissed because "the parties' relationship is governed by a [valid] contract" so this "tort claim[] . . . [is] barred by the economic loss rule."[107]

Everphone suggests the unjust enrichment claim should survive Everphone's dismissal motion because, in its view, the Guaranty "does not address all of the benefits Everphone conferred upon Go Technology."[108]

---

[104] Rental Agreement at 2 ("EBF hereby enters into a rental agreement for a minimum of 60,000 Devices").

[105] *Id.*

[106] Guaranty § 1.

[107] Def.'s Open. Br. at 9-10, 19.

[108] Pltf.'s Ans. Br. at 33.

At its most specific, Everphone says its "unjust enrichment claim is based on Go Technology's retention of 5,465 devices (and related services) that have not been paid for."[109]  The Guaranty provides that Go Technology "irrevocably, absolutely and unconditionally guarantees to Everphone the full and prompt payment when due of the rent and any other sum of money due under the Rental Agreement . . . ."[110]

Here again, *Alltrista Plastics* is instructive; there the Court explained "[a] claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim."[111] "Thus, '[w]hen the complaint alleges an express, enforceable contract that controls the parties' relationship . . . , a claim for unjust enrichment will be dismissed."[112] The same  under Georgia law.[113]

To Everphone, its "unjust enrichment claim is not based on the Guaranty" alone but rather is "based on Go Technology's retention of benefits that have not

---

[109]  *Id.* at 19.

[110]  Guaranty § 1.

[111]  2013 WL 5210255, at *11 (alteration in original) (quoting *Kuroda v. SPJS Hldgs., L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009)).

[112]  *Id.* (alteration in original) (quoting *Bakerman v. Sidney Frank Importing Co., Inc.*, 2006 WL 3927242, at * 18 (Del. Ch. Oct. 10, 2006)).

[113]  *Tidikis*, 619 S.E.2d at 485 (finding that, under Georgia law, when a contract governs the dispute, and the validity of that contract is not being challenged, an unjust enrichment claim fails as a matter of law).

been paid for, which Go Technology received from Everphone through the overarching business relationship between EBF, Go Technology, and Everphone."[114]   But Go Technology's alleged "retention of benefits"—*i.e.*, the "5,465 devices (and related services) that have not been paid"—is exactly what the Rental Agreement and Guaranty cover.

If there is something more, its absent from the Complaint and has been no better identified or explained during these dismissal proceedings.  Accordingly, Everphone fails to sufficiently plead its unjust enrichment claim under either Delaware or Georgia law and Count V must be dismissed.

## H. THE WONT TO PLEAD IN THE ALTERNATIVE CANNOT SAVE EVERPHONE'S PROMISSORY ESTOPPEL OR UNJUST ENRICHMENT CLAIMS.

Everphone insisted at argument that its promissory estoppel and unjust enrichment claims were alternatively pled and should survive dismissal on that basis alone.  But just because unjust enrichment or promissory estoppel *may* sometimes be pled in the alternative to a breach-of-contract claim does not mean they will inexorably always survive dismissal.[115]  The Court instead looks to whether there is

---

[114]  Pltf.'s Ans. Br. at 34.

[115]  *BAE Sys. Info. & Elec. Sys. Integration, Inc. v. Lockheed Martin Corp.*, 2009 WL 264088, at *8 (Del. Ch. Feb. 3, 2009) ("In some instances, both a breach-of-contract and an unjust enrichment claim *may* survive a motion to dismiss when pled as alternative theories for recovery. Such occurrences are factually distinguishable, however, and, more importantly, do not stand for the proposition that an unjust enrichment claim *must* survive a motion to dismiss when pled

an independent basis for the alternatively pled claim.[116] And mere resort to "pleading in the alternative" will not save those cursory tag-alongs from dismissal.[117]

## IV. CONCLUSION

Based on the forgoing, Go Technology's Motion to Dismiss is **DENIED** as to Counts I and II, and **GRANTED** as to Counts III through V.

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

cc: All Counsel via File and Serve

---

alternatively with a contract claim that will move beyond the motion to dismiss stage." (emphasis in original) (internal citation omitted)).

[116] *Id.*

[117] *Id.* ("A right to plead alternative theories does not obviate the obligation to provide factual support for each theory.").